PEOPLE *v.* STEELE.

OPINION OF THE COURT.

1. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION.

The form and manner of examination of accused by circuit judge upon a plea of guilty to determine whether that plea was made freely and understandingly, with knowledge of its consequences, and without undue influence or promise of leniency is left to the discretion of the judge (CL 1948, § 768.35).

2. SAME—PLEA OF GUILTY—UNDERSTANDING OF CRIME CHARGED.

Defendant's claim that he pled guilty to offense of attempted robbery armed without understanding nature of offense, *held*, without merit, where record showed that he was 26 years old, had a previous criminal record, was on probation for another offense at the time of his plea, was charged with armed robbery, was clearly told the maximum sentence for the crime, and had assistance of counsel at time of pleading (CL 1948, § 750-.92; CLS 1961, § 750.529).

3. SAME—UNLAWFUL DETENTION.

The rule precluding a conviction on confessions or incriminating statements unlawfully obtained through wrongful detention does not give immunity from a plea of guilty made in open court after the trial judge has satisfied himself that the plea is voluntarily and understandingly made (CL 1948, § 768.35).

4. SAME—UNLAWFUL DETENTION.

Defendant, charged with armed robbery, who pleads guilty to attempted robbery armed more than a month after his arrest, in open court with benefit of counsel, *held*, not entitled to withdraw his plea and have a new trial even if his allegations of wrongful detention for 24 hours after his arrest were true, in the absence of a showing that such detention affected the

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 486, 487, 489-491.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.
[2-4] 21 Am Jur 2d, Criminal Law §§ 485-488, 504, 505.
[5] 21 Am Jur 2d, Criminal Law §§ 487, 489.

voluntariness of his plea (CL 1948, §§ 750.92, 768.35; CLS 1961, § 750.529).

DISSENTING OPINION.

T. G. KAVANAGH, J.

5. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION.

> *Statement of trial judge that "you heard your lawyer say that you wish to plead guilty to the included offense of attempted robbery armed" does not comply with the court's obligation under the court rule to inform the accused of the nature of the accusation against him (CL 1948, § 768.35; GCR 1963, 785.3 [2]).*

Appeal from Wayne; Murphy (Thomas J.), J. Submitted Division 1 May 11, 1966, at Detroit (Docket No. 1,142.) Decided September 27, 1966. Application for rehearing withdrawn November 1, 1966. Leave to appeal denied by Supreme Court March 9, 1967. See 379 Mich 753.

Sherman Steele was convicted on a plea of guilty of the crime of attempted robbery armed. From order denying his motion to withdraw plea and for new trial, defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Perry & Bahen,* for defendant.

RASHID, J. This case has been appealed here for our review of a denial by the Wayne county circuit court of defendant's motion for a new trial.

Defendant, Sherman Steele, was arrested on April 8, 1965, by the Lincoln Park police for robbing one Edward Golubski of $18 in the city of

Inkster.  Defendant stated that he took Golubski's wallet when his accomplice and codefendant, Gordon Leonard Faust, struck Golubski with a bottle. Upon arrest, defendant was held approximately 24 hours by the Lincoln Park police until he was removed to the Inkster police department on April 9, 1965.  On the same day defendant was taken before Judge Robert Lee Evans, municipal judge for the city of Inkster, upon a complaint being issued for armed robbery.[1]  Defendant Steele expressly waived examination and was bound over to the Wayne county circuit court.

The defendant, represented by counsel, on May 26, 1965, appeared in the Wayne county circuit court for the reading of the information on a charge of armed robbery.  At this time defendant advised Judge Thomas J. Murphy that he wished to plead guilty to the included offense of attempted robbery armed.[2]  The judge proceeded to examine defendant to determine if the plea was made voluntarily pursuant to CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058):

"*The Court:*  All right.  What is your name?
"*Defendant:*  Sherman Steele.
"*The Court:*  You heard your lawyer say that you wish to plead guilty to the included offense of attempted robbery armed?
"*Defendant:*  Yes.
"*The Court:*  You understand that that is a 5-year felony, you may be sent to State prison for 5 years; you understand that?
"*Defendant:*  Yes.
"*The Court:*  Do you understand also by pleading guilty to this charge you admit a violation of your parole?
"*Defendant:*  Yes.

---

[1] CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797).—RE-PORTER.

[2] CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287).—REPORTER.

"*The Court:* And that was what? What are you on parole for?

"*Defendant:* Larceny from a building.

"*The Court:* You understand that is a 4-year felony, and you could be sent to prison for 4 years on that original charge because of the violation of your probation?

"*Defendant:* Yes.

"*The Court:* You understand you are entitled to a trial by a court or a jury on this charge; that the people must produce the witnesses against you in open court; that they must testify under oath or on affirmation; that you have a right to cross-examine them; that you have a right to have any witness brought in to testify in your behalf; that you do not have to take the stand to testify unless you choose to do so; that you are presumed to be innocent until your guilt is established beyond a reasonable doubt; you understand you have all these rights?

"*Defendant:* Yes.

"*The Court:* Knowing that, do you still wish to plead guilty to the charge?

"*Defendant:* Yes.

"*The Court:* You plead guilty freely and voluntarily?

"*Defendant:* Yes.

"*The Court:* Nobody has promised you anything to make you plead guilty?

"*Defendant:* No.

"*The Court:* Nobody has said the court would be lenient with you or put you on probation, or anything of that nature?

"*Defendant:* No.

"*The Court:* Nobody has threatened you or forced you to make you plead guilty?

"*Defendant:* No.

"*The Court:* You plead guilty because you are guilty?

"*Defendant:* Yes.

"*The Court:* What did you do?

"*Defendant:* Well, this guy was in the bar, and we left out of the bar, me and Faust, and we [went] around to the parking lot and Faust hit him with a bottle and I took his wallet.

"*The Court:* Faust hit him with a bottle and you took his wallet?

"*Defendant:* Yes.

"*The Court:* You knew that was wrong and against the law, right?

"*Defendant:* Yes.

"*The Court:* All right, the court will accept the plea and refer the matter to the probation department for investigation and report. The date for sentence will be July 7, 1965, at 9:30 a.m.   *   *   * Continue the bond."

It is first claimed by the defendant that he failed to understand the nature of the offense to which he pled guilty; secondly, it is claimed by defendant that the unlawful detention by the police for 24 hours (after his arrest) without the benefit of counsel and outside contact would render his plea of guilty involuntary.

It is settled in this State, both by statute and case law, that before a judge accepts a plea of guilty he must satisfy himself that the plea was made freely and understandingly, with knowledge of its consequences, and without undue influence or a promise of leniency. The form and manner of the examination is left to the discretion of the judge to be exercised in the manner best suited to the parties and the offense. CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058); see, also, *People* v. *Bumpus* (1959), 355 Mich 374; *People* v. *Coates* (1953), 337 Mich 56; *People* v. *Wurtz* (1965), 1 Mich App 190; *People* v. *Reed* (1965), 1 Mich App 60.

Defendant was 26 years old and had a previous police record. He was also on probation for another

offense at the time of this plea. Defendant's previous criminal record would give some support to the conclusion that his plea of guilty in the instant case was not lacking in understanding as to the nature of the offense to which he rendered the plea. Nor can it be said that defendant was ignorant of the consequences of his plea in view of the fact that he was specifically told by the court that he could be sentenced to 5 years in prison upon a conviction for attempted robbery armed. Further, the record clearly shows that the defendant had the benefit of counsel when he offered his plea of guilty. The contention that defendant's plea of guilty was not understandingly made is without merit.

Defendant also claims that it was unlawful for the police to detain him, incommunicado, for more than 24 hours after his arrest without bringing him before a magistrate. Such a detention may or may not be unlawful. See *People* v. *Hamilton* (1960), 359 Mich 410. It is not necessary for the disposition of this case to determine the detention was unreasonable or wrongful. Even if we were to accept defendant's contention that the detention was unlawful, defendant has failed to show us how such a detention has affected the voluntariness of his plea of guilty given in open court over a month later with the benefit of counsel. The rule precluding a conviction on confessions or incriminating statements unlawfully obtained through wrongful detention does not give immunity from a plea of guilty made in open court after the trial judge has satisfied himself that the plea is voluntarily and understandingly made. *Roscoe* v. *United States* (CA 6, 1945), 148 F2d 333; certiorari denied 325 US 890 (65 S Ct 1581, 89 L ed 2003).

This Court stands ready to afford defendants all the safeguards of a fair and impartial jury trial. But where a defendant, with the benefit of counsel,

as here, has chosen to waive his constitutional rights to a trial on the merits by freely, voluntarily, and understandingly pleading guilty, he is conclusively bound by such waiver.

Based upon a complete review of the record before us, we find no merit to the other assignments of error claimed by defendant.

Affirmed.

LESINSKI, C. J., concurred with RASHID, J.

T. G. KAVANAGH, J. (*dissenting*). I do not agree that the statement of the trial court: "You heard your lawyer say that you wish to plead guilty to the included offense of attempted robbery armed", complies with the court's obligation under GCR 1963, 785.3(2) to inform the accused of the nature of the accusation.

Under the circumstances of this case the requirements for a proper determination of guilt (which is in effect the judgment of the accused when he offers the plea) are too sophisticated to warrant the conclusion that the plea was "true" (see CL 1948, § 768.35 [Stat Ann 1954 Rev § 28.1058]) or that it was "freely, understandingly and voluntarily made". See *People* v. *Hunn* (1965), 1 Mich App 580; and *People* v. *Barrows* (1959), 358 Mich 267.

I would reverse and order the matter set for trial.