### PEOPLE *v.* ALLISON

1. CRIMINAL LAW—DUE PROCESS—RIGHT OF DEFENDANT TO TRIAL TRANSCRIPTS OF PRIOR CONVICTIONS.

   Defendant convicted of driving while under the influence of intoxicants for the third time within a 10-year period is not entitled to trial transcripts of the first two convictions when the convictions were admitted and no appeals taken.

2. SAME—GUILTY PLEA—DUE PROCESS—RIGHT TO BE ADVISED OF PENALTY.

   Erroneous statement by trial judge as to the possible maximum sentence to a person wishing to plead guilty to driving while under the influence of intoxicants for the third time within a 10-year period *held*, not reversible error nor deprivation of due process, when court corrected the misstatement and gave defendant opportunity to change his plea prior to its acceptance by the court.

3. SAME—GUILTY PLEA—DUE PROCESS—EXAMINATION OF DEFENDANT BY TRIAL COURT.

   Defendant in criminal case is not deprived of due process when trial judge questions him as to his guilt, before apprising him of the consequences of his plea, in order to be satisfied that the plea is being voluntarily made.

Appeal from Kalamazoo, Fox (Raymond W.), J. Submitted Division 3 November 14, 1968, at Grand Rapids. (Docket No. 3,419.) Decided November 27, 1968.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 320 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 487.
   Duty of court as to admonishing defendant of consequences of his plea of guilty. 110 ALR 228, 97 ALR2d 549.
[3] 21 Am Jur 2d, Criminal Law § 486.

Orville Allison was convicted of driving under the influence of intoxicants for the third time within a 10-year period. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Michael P. Reisterer,* Assistant Prosecuting Attorney, for the people.

*Charles C. Wickett,* for defendant on appeal.

PER CURIAM. On January 3, 1967, defendant Orville Allison entered a plea of guilty to a charge of third offense, driving under the influence of intoxicating liquor. He was thereafter sentenced to a prison term of 1 to 5 years.

On appeal, defendant raises the following 3 issues for review:

(1) Is defendant entitled to transcripts of the 2 prior convictions?

(2) Did the trial judge commit reversible error in informing defendant that his maximum sentence could be 4 years and thereafter correcting the statement by telling defendant the maximum could be 5 years?

(3) Were defendant's constitutional rights violated where the examination occurred before he was told of the results of his plea?

Defendant, at the time of entering his plea, admitted the prior 2 convictions. He was represented by counsel at those trials and no transcript was made of the first trial because at the time it was not customary to provide transcripts in a municipal court. A transcript was made at the second trial. Counsel on appeal has requested a transcript herein and it has been furnished.

Defendant is not entitled to the transcript of former trials where the convictions were admitted and no appeals taken. Defendant does not question in the instant appeal the legality of the prior convictions.

The record below indicates that the trial judge corrected his misstatement as to the possible maximum sentence and defendant was given an opportunity to change his plea prior to acceptance by the court. We fail to find prejudice to defendant or violation of his constitutional rights resulting from this procedure.

Finally, defendant contends violation of his constitutional rights because he was questioned regarding his guilt before being told the consequences of his plea. In *People* v. *Wurtz* (1965), 1 Mich App 190, this Court stated that a trial judge is not bound by any standard formula in giving fair treatment to a defendant making a plea of guilty. Herein, the trial judge questioned the defendant in a permissible way in satisfying himself that the plea was voluntarily made. The requirements of CL 1948, § 257.625 (Stat Ann 1960 Rev § 9.2325) were met when this was done.

Affirmed.

HOLBROOK, P. J., and T. G. KAVANAGH and McINTYRE, JJ., concurred.