## PEOPLE *v.* REED.

1. CRIMINAL LAW—FELONY—PLEA OF GUILTY—DUTY OF JUDGE.

   A circuit judge has a duty, when a plea of guilty to felony is made, to satisfy himself that the plea was made freely, with knowledge of its consequences, and without undue influence or promise of leniency (CL 1948, § 768.35; Court Rule No 35A, added in 1947).

2. SAME—FELONY—PLEA OF GUILTY—EXAMINATION BY JUDGE.

   The form and manner of the examination which the circuit judge must make of the person before him who pleads guilty to felony charge is not prescribed but is left to the discretion of the judge to be exercised by him in the manner best suited to the parties and offense (CL 1948, § 768.35; Court Rule No 35A, added in 1947).

3. SAME—MURDER—PLEA OF GUILTY—INVESTIGATION BY JUDGE.

   Record on appeal from denial of delayed motion for a new trial of person who pleaded guilty to charge of murder in the second degree *held*, to show that circuit judge investigated to determine whether the plea had been made freely, voluntarily, of defendant's own choice, and without threats or promises having been made to him, and that the court was satisfied, as required (CL 1948, § 768.35; Court Rule No 35A, added in 1947).

Appeal from Jackson; Simpson (John), J. Submitted Division 2 January 14, 1965, at Lansing. (Docket No. 226.) Decided April 19, 1965.

Herbert Reed was convicted of murder in the second degree upon his plea of guilty. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 14 Am Jur, Criminal Law § 269 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James G. Fleming,* Prosecuting Attorney, and *Michael J. McGann,* Assistant Prosecuting Attorney, for the people.

*William F. Goler,* for defendant.

T. G. KAVANAGH, P. J.  The appellant was arraigned on an information charging him with murder.

The trial court informed him of the charge and advised him that he was entitled to a jury trial and to be represented by counsel at the State's expense. At appellant's request the court appointed counsel and then adjourned the arraignment.

Approximately one and one-half hours later the appellant's counsel, in the appellant's presence, advised the court that the appellant wished to waive the reading of the information which charged murder and to enter a plea of guilty to a charge of murder in the second degree.*

The court thereupon questioned the appellant who affirmed what his counsel had stated and after questioning the court about the effect of the plea, told the court that he was pleading guilty to murder in the second degree freely, voluntarily, of his own choice, without threats or promises having been made to him.

After further examination respecting appellant's age, marital status, the homicide itself, his criminal record, residence, and prior employment, the court accepted the plea and sentenced the appellant to life in prison.

The appellant maintains that the trial court did not inform him of the nature of the accusation, or the consequence of his plea of guilty after such plea but before sentence.  He says that the plea was not

---

* See CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).—REPORTER.

freely and voluntarily made with the full knowledge of the nature of the accusation and that the statements made by him do not constitute a full, free, and unqualified plea of guilty.

All of the claims of the appellant can be considered as one to the effect that the trial court did not observe the requirements of Court Rule No 35A, § 2 (1945)* and CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058) as to investigation before sentencing, after a plea of guilty.

The court rule and statute were considered in the cases of *People* v. *Bumpus* (1959), 355 Mich 374, and *People* v. *Barrows* (1959), 358 Mich 267, and the trial judge's responsibility thereunder defined.

The latter case sets out the requirement that the court *must* examine the accused, and the former that, "the form and manner of this examination has not been prescribed but is left to the discretion of the judges, to be exercised by him in the manner best suited to the parties and the offense." (*People* v. *Bumpus, supra* at 380.)

We find no reversible error. Affirmed.

McGREGOR and QUINN, JJ., concurred.

---

* Added June, 1947, effective September 1, 1947, 318 Mich xxxix.—
REPORTER.