PEOPLE v. HUNN.

1. Criminal Law—Benefit of Counsel—Minors—Passing a False Instrument.

Notice of right to court-appointed counsel at public expense in the event of indigency, was not afforded 20-year-old defendant being prosecuted for passing a false instrument by trial court's advice on arraignment that he was entitled to counsel (CL 1948, § 750.253).

2. Same—Uttering and Publishing a False Instrument—Knowledge—Intent.

Guilty knowledge and intent to defraud are essential elements of the offense of uttering and publishing a false instrument (CL 1948, § 750.253).

3. Same—Knowledge—Intent.

Knowledge of a thing and reason to believe in its existence are not identical, and the finding of one is not the equivalent to the finding of the other in a prosecution for a crime wherein there must be guilty knowledge and intent to do the wrongful act.

4. Same—Plea of Guilty—No Account Check—Knowledge.

Record in prosecution for uttering and publishing a no account check held, not to show that defendant knew of the nonexistence of the bank account, hence, his plea of guilty is set aside for not having been understandingly made (CL 1948, § 750.253; GCR 1963, 785.3[2]).

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law §§ 318, 319.
[2, 3] 22 Am Jur, False Pretenses § 23.
  23 Am Jur, Forgery § 30.
[4] 22 Am Jur, False Pretenses § 58.

Appeal from Antrim; Brown (Charles L.), J. Submitted Division 3 June 15, 1965, at Grand Rapids. (Docket No. 447.) Decided October 18, 1965.

Roger Hunn was convicted of uttering and publishing a forged instrument in violation of CL 1948, § 750.253. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General; *Robert A. Derengoski,* Solicitor General; *Harry T. Cook,* Prosecuting Attorney, for the people.

*George C. Kempton,* for defendant.

Fitzgerald, P. J.  Defendant Roger Hunn was a 20-year-old itinerant magazine salesman. On May 22, 1964, at the home of Mr. and Mrs. William Watson, in Antrim, he found only their 16-year-old daughter, Ethel, who wanted to buy a subscription but lacked funds. Defendant produced a universal-type blank check form which she signed, after they had together inserted the name of a bank in Mancelona and the amount of $13. The check designated Roger Hunn as payee; he cashed it with a local merchant after indorsing it on the back.

Subsequently, defendant Hunn was arrested and charged with passing a false instrument, in violation of CL 1948, § 750.253 (Stat Ann 1962 Rev § 28.450) because there was no account to pay the check. Defendant declined counsel at both the preliminary examination and the circuit court arraignment. He was convicted June 22, 1964, on his plea of guilty and sentenced to 2 to 5 years' imprisonment.

On appeal, it is first contended that defendant was not represented by counsel. The transcript of defendant's preliminary examination indicates that he was not represented by counsel. More telling,

however, is this colloquy between the court and defendant on arraignment:

"*The Court:* Do you wish to have a lawyer represent you in this court? You have that right, you know.
"*Defendant:* No."

The issue is not discussed further in the record and this we cannot construe as sufficient notice of the right to court-appointed counsel in the event of indigency under *Gideon* v. *Wainwright* (1963), 372 US 335 (83 S Ct 792, 9 L ed 2d 799), nor in light of the decisions of the Michigan Supreme Court, particularly *People* v. *Whitsitt* (1960), 359 Mich 656. See GCR 1963, 785.3(1).

Defendant further contends that his conviction should be reversed because he did not understand the nature of the charge against him. He alleges that Ethel Watson did not at any time indicate she did not have a checking account. Miss Watson, on the other hand, at the preliminary examination, testified that she did not know what she was doing when she signed the check and that she used the name of a bank which defendant suggested she take from the telephone book. She admitted that she did not tell him that she had no money in the bank on which she drew the check.

The statute under which the prosecution was had states that "any person who shall utter or pass, or tender in payment as true, any such false, altered, forged or counterfeit note, certificate or bill of credit * * * any bank bill or promissory note, payable to the bearer thereof, or to the order of any persons issued as aforesaid, *knowing* the same to be false, altered, forged or counterfeit, with intent to injure or defraud." (Emphasis supplied.)

The foregoing statute not only requires intent but *knowledge* that the instrument was false. Gillespie

in 3 Mich Criminal Law and Procedure, § 1506, commenting on this particular statute states (p 1882):

"Guilty knowledge and an intent to defraud are essential elements of the offense of uttering and publishing a forged instrument.  *  *  *  Knowledge of a thing and reason to believe in its existence are not identical, and the finding of one is not equivalent to the finding of the other."

The following discussion took place at the conclusion of the circuit court arraignment:

"*The Court:* You are pleading guilty, then, simply because you are guilty and for no other reason?

"*Defendant:* I feel it was a misunderstanding on my part, and a misunderstanding on hers. I thought she was old enough, and everything.

"*The Court:* But is there any question in your mind about your being guilty of it?

"*Defendant:* No.

"*The Court:* Then, actually, you are pleading guilty simply because you did what you are charged with having done, and no other reason, is that it?

"*Defendant:* Yes."

There is nothing in the record to show that Roger Hunn knew of the nonexistence of the bank account.

The issue here is whether the trial court complied with the court rules. The judge must protect the rights of a defendant even though he is pleading guilty. GCR 1963, 785.3(2) specifies the required protective measures:

"Imposing sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation, *  *  *  and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made."

The statutory provisions under which the defendant was convicted state that both knowledge of the falsity of the instrument and intention to defraud are elements of the crime. The defendant's statement at the arraignment indicates he was ignorant of the elements of the crime and therefore believed himself to be guilty of a criminal offense, merely by the act of cashing a no-account check. When the defendant thus exhibited his ignorance of the nature of the charge, it became the duty of the trial court to explain to the defendant that knowledge and intent were elements of the crime charged, in order to ascertain that the plea of guilty would be understandingly made. Adherence to this important rule is not shown in the record.

The judgment of the trial court is reversed and the case remanded for a new trial.

HOLBROOK and McGREGOR, JJ., concurred.