## PEOPLE *v.* WINEGAR.

1. CRIMINAL LAW—PLEA OF GUILTY—PROCEDURE.

    Purpose of statute and court rule prescribing procedure to be followed by judge in accepting plea of guilty is to be sure that defendant knows what he is doing in pleading guilty, that he understands the proceedings and the charge against him, and that his plea of guilty is voluntary without force or duress (CL 1948, § 768.35; GCR 1963, 785.3).

2. SAME—PLEA OF GUILTY—VALIDITY OF PROCEEDINGS—RIGHT TO COUNSEL.

    Standard of validity of proceedings on acceptance by court of plea of guilty includes the court rule governing such proceedings, and constitutional requirements as declared by the Supreme Court, especially as relate to the accused's right to counsel, and proceedings which fail to comply with such standard are invalid (GCR 1963, 785.3).

3. SAME—COURT RULE—ENFORCEMENT.

    Reversal of judgment of lower court on plea of guilty is the only method an appellate court has to enforce court rule prescribing proceedings to be taken on a plea of guilty (GCR 1963, 785.3).

4. SAME—PLEA OF GUILTY—ASSAULT WITH INTENT TO MURDER—RIGHT TO COUNSEL.

    Judgment of trial court accepting defendant's plea of guilty to charge of assault with intent to murder and sentencing defendant to life imprisonment, *held*, error, where record shows that defendant was informed of his right to counsel, but given no opportunity to request counsel, and does not show that he was advised of the consequences of his plea of guilty, and record of arraignment where he pled guilty is devoid of any reference to specific crime charged (CL 1948, § 750.83).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 June 6, 1966, at Lansing. (Docket No. 1,512.)   Decided October 11, 1966.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 484–489.
[2,3] 21 Am Jur 2d, Criminal Law §§ 491, 495.
[4] 21 Am Jur 2d, Criminal Law §§ 486–489, 491.

Leave to appeal granted by Supreme Court December 28, 1966. See 378 Mich 745, 380 Mich 719.

William Winegar was convicted on his plea of guilty of assault with intent to murder. Defendant moved to vacate plea and for new trial. Motion denied. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*William L. Mackay,* for defendant.

*Amici Curiae:* American Civil Liberties Union, by *Rolland R. O'Hare,* Chairman, and *Erwin B. Ellmann,* General Counsel, for reversal.

Prosecuting Attorneys' Association of Michigan, by *James G. Fleming,* President, for affirmance.

McGREGOR, P. J. This case came before this Court on defendant Winegar's application for delayed appeal from an order of the circuit court for Ingham County, denying his motion for vacation of plea of guilty, and for a new trial. By order of January 20, 1966, this Court peremptorily vacated the guilty plea and remanded the case for trial, for failure of the circuit court to comply with Court Rule 35A (1945),[1] now GCR 1963, 785.3. Upon the people's motion for rehearing, the Court of Appeals, by order of March 11, 1966, granted the rehearing. By order of March 17, 1966, this Court ordered briefing of additional issues and invited briefs from *amici curiae,* and set the matter for oral argument on June 6, 1966.

Defendant Winegar was arrested and charged with the crime of assault with intent to murder.[2]

---

[1] 318 Mich xxxix.—REPORTER.

[2] CL 1948, § 750.83 (Stat Ann 1962 Rev § 28.278).—REPORTER.

On November 3, 1961, the defendant appeared before an Ingham county circuit judge for arraignment. At this time defendant had the information read to him and he indicated that he understood the charge. Apparently somewhat undecided what plea he should enter, the defendant stood mute, and the trial judge then entered for him a plea of not guilty. On defendant's first arraignment, the pertinent portions of the transcript of the proceedings are as follows:

"*The Court:* Do you understand the charge, Mr. Winegar?

"*Defendant:* Yes, sir, I do.

"*The Court:* The court wishes to advise you that you are entitled to be represented by a lawyer and if you are not financially able to employ one and will so advise the court, the court will see that you have a lawyer. Do you understand that?

"*Defendant:* Yes, sir. But they have impounded all my money.

"*The Court:* Well, you understand what I just said to you?

"*Defendant:* Yes.

"*The Court:* The court also wishes to inform you that you are entitled to have a trial either before a jury or before the court without a jury. Do you also understand that?

"*Defendant:* Yes.

"*The Court:* How do you wish to plead, guilty or not guilty?

"*Defendant:* I have no contest of it. I don't wish to contest it at all.

"*The Court:* How do you wish to plead, guilty or not guilty?

"*Defendant:* I am stuck in Ohio, too.

"*The Court:* Will you just answer my question, please. Do you wish to plead guilty or not guilty?

"*Defendant:* I plead guilty I guess, I don't know.

"*The Court:* You mean you don't know. What is it you don't know?

"*Defendant:* I don't understand the laws at all in this State, Your Honor. I mean in Ohio where I come from they are entirely different.

"*The Court:* Well you have had this charge read to you and you are entitled to plead guilty or not guilty or you may stand mute. Now whatever you wish to do is up to you.

"*Defendant:* Well, I prefer to stand mute then.

"*The Court:* Very well, then a plea of not guilty will be entered by the court and you are remanded to the custody of the county sheriff to await trial.

"All right."

At the second arraignment, on November 17, 1961, the proceedings were as follows:

"*The Court:* Wine-e-gar. Mr. Winegar, you were before the court on the 3d day of November, 1961. The court then advised you of your rights, at which time you said you preferred to stand mute and the court entered a plea of not guilty for you. Now it is your desire, as I understand, to plead guilty, is that correct?

"*Defendant:* Yes, Your Honor.

"*The Court:* And that is what you are doing now, is pleading guilty to this offense?

"*Defendant:* Yes.

"*The Court:* Has anyone made you any promise of any kind to induce you to plead guilty?

"*Defendant:* No.

"*The Court:* Has anyone stated to you that if you would plead guilty he would secure leniency from the court?

"*Defendant:* No.

"*The Court:* Then are you pleading guilty because you actually are guilty?

"*Defendant:* Yes.

"*The Court:* Very well, I will talk with him.

"(Conference in chambers.)

*"The Court:* Let the record show that the court has conferred with Mr. Winegar relative to the circumstances of the crime, is convinced that he committed the crime, that his plea was freely, understandingly and voluntarily made without undue influence, compulsion, or duress, and without promise of leniency. Therefore, his plea is accepted and he is remanded to the custody of the county sheriff to await sentence. That is all."

The sentence rendered by the court was life imprisonment. The record is barren of evidence showing that the defendant was advised of the consequences of his plea. The record of this second proceeding is entirely devoid of reference to any specific crime.

Thereafter, and on defendant's application, counsel was appointed for postconviction proceedings, and a motion to withdraw the plea and to set the matter for trial was filed. Both it and an amended motion to withdraw plea and to set the matter for trial were denied by the trial court, and defendant filed his application for delayed appeal.

We are faced with three of the issues raised by this defendant: first, the failure of the court to inquire as to whether the plea was entered under mental and psychological coercion and without duress; second, the failure of the court to inform the defendant of the consequences of the plea; and third, the failure of the court to have a record made of the conference in chambers.

Defendant was without the assistance of counsel in the trial court until after he had been sentenced. The real problem in this case is whether or not the trial court complied with the court rule (*supra*) on arraignment, and if not, what is the legal effect of this deficiency. The record shows that the defendant was informed of his right to have counsel appointed if he was financially unable to employ

counsel, but it further shows that the trial court failed to give the defendant an opportunity to so request.[3] The requirements of the rule should be examined in light of the purpose for which they were intended. The fact remains that when a defendant makes a plea of guilty to a serious crime, he often condemns himself to a life imprisonment, as did William Winegar, without requiring the prosecution to introduce any proof at all in the trial court. It is because of such serious consequences of making a plea of guilty that the legislature, by CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058) and the Supreme Court, by Court Rule No 35A, adopted in 1947, attempted to set up a procedure whereby the Court would, before accepting a plea of guilty, determine that the defendant knew what he was doing, that he understood the proceedings and the charge against him, and that his plea was voluntary without undue force or duress. The purpose of the statute and rule is commendable, proper and necessary in view of current developments in the field of criminal law. This same policy was reiterated by GCR 1963, 785.3.

If the arraignment proceedings which culminate in a plea of guilty fail to comply with the appropriate rule, there is no standard by which they could be said to be valid. The standard to be followed for validity of a plea of guilty is clearly the court rule. Perhaps the requirements of the court rule go beyond the minimum Federal constitutional requirements, but it is beyond the authority of the Court of Appeals to emasculate the statute or the court rule. Once the procedure is set forth by statute or court rule, it would be a denial of equal protection of the laws not to apply said rule in a consistent manner

---

[3] See *In re Palmer* (1963), 371 Mich 656, 662, 663.

to all defendants. The rule is more than a matter of mere procedure. It sets up a means of providing and guaranteeing fair treatment to defendants who are pleading guilty.

There is no danger that this decision will open the jail doors. The language of the court rule has been in effect for nearly 20 years. Reversal of the lower court for noncompliance with Court Rule No 35A (1945), or GCR 1963, 785.3 is the only method an appellate court has of enforcing the court rule. Five times before, this Court, in published opinions, has reversed a conviction on a plea of guilty because the trial judge failed to follow the requirements of GCR 1963, 785.3 (formerly Court Rule No 35A [1945]). These cases are: *People* v. *Hunn* (1965), 1 Mich App 580; *People* v. *Johnson* (1966), 2 Mich App 182; *People* v. *Atkins* (1966), 2 Mich App 199; *People* v. *Curtis Lee Williams* (1966), 2 Mich App 232; *People* v. *Demers* (1966), 2 Mich App 238. The plea of guilty in this case should not be allowed to stand because the record does not show substantial compliance with former Court Rule No 35A, § 2 (1945), now GCR 1963, 785.3(2), nor does it meet the constitutional requirements of the Fourteenth Amendment (*Carnley* v. *Cochran* [1963], 369 US 506 [82 S Ct 884, 8 L ed 2d 70], *In re Palmer* [1963], 371 Mich 656, 663) or the opportunity to request counsel as required by section (1) of the aforesaid court rule, *People* v. *Atkins, supra*. Neglect or failure to follow the mandatory provisions of this rule nullify the proceedings to which it relates.

The conviction of the defendant is reversed and the case is remanded for trial.

T. G. KAVANAGH and QUINN, JJ., concurred.