## PEOPLE *v.* GOLDFARB.

### OPINION OF THE COURT.

1. CRIMINAL LAW—POSSESSION OF BURGLAR'S TOOLS—ACCEPTANCE OF PLEA OF GUILTY—COURT RULE.

   Defendant's claim that trial judge erred in accepting defendant's plea of guilty to the charge of possession of burglar's tools without substantially complying with the court rule requirement that "the court shall inform the accused of the nature of the accusation" *held,* correct, where the charge is a complicated one, involving both knowledge of possession and potential utility of certain tools and items and intent to use such for a specific purpose, references of the judge to the nature of the accusation not satisfying mandatory requirements of the court rule (CL 1948, § 750.116; GCR 1963, 785.3).

2. SAME—ARRAIGNMENT—COURT RULES—STATUTES.

   Once the procedure concerning arraignment, taking of pleas, and sentencing in criminal cases is set forth by statute and court rule, it would be a denial of equal protection of the laws not to apply the statute and rule consistently to all defendants (GCR 1963, 785.3).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5–10] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[4] 21 Am Jur 2d, Criminal Law § 488.

3. SAME—PLEA OF GUILTY—EXAMINATION OF ACCUSED.

The direct questioning of a defendant by a trial judge on a plea of guilty is required by the rule for the purpose of establishing the crime and participation therein of the person pleading guilty, and serves as a precaution against involuntary or induced false pleas of guilty, and against subsequent false claims of innocence (GCR 1963, 785.3).

4. SAME—COURT RULES—ARRAIGNMENT.

It is mandatory under the court rule that a trial court in a criminal case inform the accused of the nature of the accusation and investigate by direct questioning the accuracy of the charge for the purpose of establishing the crime and the accused's participation therein, and the fact that accused was 41 years of age with long criminal record, or that he was represented by competent counsel, does not relieve trial court from fulfilling the mandatory requirements of the court rule (GCR 1963, 785.3).

5. SAME—EXAMINATION AT ARRAIGNMENT—ACCEPTANCE OF PLEA OF GUILTY.

The court rule *requires* trial court to inform the accused of the nature of the accusation in *all* cases, but the *extent* of explanation it demands of the trial court prior to acceptance of a plea of guilty cannot be set by predetermined, mechanical rules and must necessarily vary to cover the offense charged and the facts of each case (GCR 1963, 785.3).

DISSENTING OPINION.

J. H. GILLIS, J.

6. CRIMINAL LAW—FELONY—PLEA OF GUILTY—EXAMINATION BY JUDGE.

*The form and manner of the examination which the circuit judge must make of the person before him who pleads guilty to felony charge is not prescribed but is left to the discretion of the judge to be exercised by him in the manner best suited to the parties and offense (GCR 1963, 785.3).*

7. SAME—PLEA OF GUILTY—EXAMINATION BY JUDGE.

*Mandatory court rule that a trial court must examine the accused prior to accepting a plea of guilty does not necessarily effect a "denial of equal protection of the laws," where the rule fails to provide that the form and manner of this examination be the same for all defendants (GCR 1963, 785.3)*

8. SAME—PLEA OF GUILTY—YOUNG DEFENDANT—EXAMINATION BY JUDGE.

    *A 16-year-old defendant attempting to plead guilty to a felony with no prior criminal experience and not represented by counsel should be examined more thoroughly than a 41-year-old man whose criminal experience extended over 2 decades, and who was represented by able counsel.*

9. SAME — TRIAL JUDGE — DISCRETION — ACCEPTANCE OF PLEA OF GUILTY.

    *A trial judge, before accepting a guilty plea in a criminal case, must exercise a judicial function and determine what information he must give to a defendant before acceptance of the plea based on his knowledge then at hand, and the age of the defendant, his previous criminal experience, his intelligence, and his representation by counsel are some of the factors to be considered.*

10. SAME—POSSESSION OF BURGLAR'S TOOLS—ACCEPTANCE OF PLEA OF GUILTY.

    *Court in examining defendant charged with crime of possession of burglar's tools, preliminary to accepting defendant's proffered plea of guilty, did not question defendant as to whether he knowingly possessed the burglar's tools with intent to use or employ the same; but, taking into consideration the defendant's previous criminal experience, this knowledge and intent can be inferred under the circumstances (CL 1948, § 750-.116; GCR 1963, 785.3).*

Appeal from Recorder's Court; Ricca (John A.), J. Submitted Division 1 October 4, 1966, at Detroit. (Docket No. 1,238.) Decided February 14, 1967. Rehearing denied March 17, 1967. Leave to appeal denied July 25, 1967. See 379 Mich 772.

Irving C. Goldfarb was convicted, on plea of guilty, of possession of burglary tools. Defendant appeals. Reversed and remanded for trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief

Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for plaintiff.

*Tom Downs,* for defendant.

HOLBROOK, J. Defendant was charged in an information on two counts of breaking and entering a dwelling in the nighttime with intent to commit a larceny therein,[1] and possession of burglary tools.[2] Defendant pleaded guilty in the recorder's court for the city of Detroit, October 15, 1963, to the charge of possession of burglary tools and such plea was accepted. On October 29, 1963, defendant was sentenced to prison to a term of 7 to 10 years. Upon petition of defendant, the court appointed present counsel for appellate review. A delayed motion was presented to the trial court to set aside the plea and for a new trial which was denied May 21, 1965. Application for leave to file a delayed appeal from the denial of the said motion in the trial court was granted by this Court, December 16, 1965.

Pursuant to said order, defendant has appealed and raises the several claims of error for review, one of which was that the trial judge did not meet the statutory and court rule requirements in accepting the defendant's plea of guilty.

More specifically, the error asserted by defendant involves the sufficiency of the arraignment prior to acceptance of his plea of guilty in order to comply with the applicable court rule GCR 1963, 785.3(2) which is as follows:

"If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence

---

[1] CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305), since amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305).

[2] CL 1948, § 750.116 (Stat Ann 1962 Rev § 28.311).

of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

The defendant and another were charged with the crime contained in the information; both pleaded guilty as to count 2, the possession of burglary tools. The record received from the trial court discloses the following proceedings on arraignment:

"*The Court.* Irving Charles Goldfarb?

"*Defendant.* Yes, sir.

"*The Court.* Your counsel Mr. Parzen advises the court that you wish to plead guilty to possession of burglary tools, is that correct?

"*Defendant.* Yes.

"*The Court.* You plead guilty freely and voluntarily?

"*Defendant.* Yes.

"*The Court.* No one forced you to plead guilty?

"*Defendant.* No.

"*The Court.* No one threatened you in any way or made you any promises?

"*Defendant.* No, sir.

"*The Court.* You plead guilty after having talked the matter over with Mr. Parzen and after receiving his advice, is that right?

"*Defendant.* Yes, sir.

"*The Court.* He's told you the maximum penalty for the crime is 10 years?

"*Defendant.* Yes, sir.

"*The Court.* He's also told you that you have a constitutional right to trial by jury, you wish to

waive the right and plead guilty before me, is that correct?

"*Defendant.* Yes, sir.

"*The Court.* You plead guilty because you are guilty?

"*Defendant.* Yes, sir.

"*The Court.* Very well. * * * The court will accept both pleas, refer you to the psychiatric— wait, to the probation department only, 2 weeks from today for sentence and remanded to the custody of the sheriff as to each."

The foregoing clearly shows that the court adequately ascertained that the plea was freely and voluntarily made without any undue influence, compulsion, duress, or promise of leniency. He was advised that the maximum penalty was 10 years and also advised of his right to a jury trial. At the time, his attorney was present and representing him.

It now clearly appears that the only issue of substance is whether the trial court substantially complied with the requirement that "the court shall inform the accused of the nature of the accusation."

The only references to the nature of the accusation contained in the record are the following two questions by the court: "Your counsel, Mr. Parzen, advises the court that you wish to plead guilty to possession of burglary tools, is that correct?" and "You plead guilty after having talked the matter over with Mr. Parzen after receiving his advice, is that right?"

The offense to which defendant offered a plea of guilty is CL 1948, § 750.116 (Stat Ann 1962 Rev § 28.311) which is as follows:

"Any person who shall knowingly have in his possession any nitroglycerine, or other explosive, thermite, engine, machine, tool or implement, device, chemical or substance, adapted and designed for

cutting or burning through, forcing or breaking open any building, room, vault, safe or other depository, in order to steal therefrom any money or other property, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ the same for the purpose aforesaid, shall be guilty of a felony, punishable by imprisonment in the State prison not more than 10 years."

The charge is a complicated one. Its elements involve both knowledge of possession and potential utility of certain tools and items and intent to use such for a specific purpose as defined by the statute. It is true that the defendant was represented by capable counsel and that defendant had considerable previous experience in the criminal courts of our State. However, the court rule is mandatory as we have previously ruled in *People* v. *Winegar* (1966), 4 Mich App 547, wherein Judge McGREGOR stated on pp 552, 553:

"If the arraignment proceedings which culminate in a plea of guilty fail to comply with the appropriate rule, there is no standard by which they could be said to be valid. The standard to be followed for validity of a plea of guilty is clearly the court rule. Perhaps the requirements of the court rule go beyond the minimum Federal constitutional requirements, but it is beyond the authority of the Court of Appeals to emasculate the statute or the court rule. Once the procedure is set forth by statute or court rule, it would be a denial of equal protection of the laws not to apply said rule in a consistent manner to all defendants. The rule is more than a matter of mere procedure. It sets up a means of providing and guaranteeing fair treatment to defendants who are pleading guilty."

The people cite *People* v. *Bumpus* (1959), 355 Mich 374, as authority for holding the present arraignment sufficient. In *Bumpus, supra,* the Su-

preme Court affirmed the conviction but noted that the defendant had twice stated he understood the nature of the charge made against him. The Court stated at p 380: "It is clear that the trial judge made such investigation, particularly with reference to the accuracy of the charge made and was satisfied, as required." In our case the defendant was never asked whether he understood the charge and the court made no investigation as to the accuracy.

In *People v. Barrows* (1959), 358 Mich 267, Mr. Justice Edwards stated on p 272 as follows:

"The direct questioning of a defendant by the trial judge on plea of guilty is required by the rule for the purpose of establishing the crime and the participation therein of the person pleading guilty. This is a precaution against involuntary or induced false pleas of guilty, and against subsequent false claims of innocence."

Since the plea in *Barrows, supra,* was set aside even though he was represented by counsel, it does not appear that the trial court may rely on the defendant's attorney to fulfill the requirements that the accused be informed of the nature of the accusation.

Both the people and defendant rely on the case of *People v. Reed* (1965), 1 Mich App 60. This Court found in that case no reversible error in accepting a plea of guilty made with the advice of counsel. However, from the facts given in the opinion it appears that the trial court "informed him of the charge" and "examined" the defendant respecting the homicide. It would appear, therefore, that the trial court made an investigation as to the accuracy of the charge and the participation therein by the defendant as was done in *Bumpus, supra.*

The case of *People* v. *Steele* (1966), 4 Mich App 352, is not applicable to the case at hand because in the *Steele Case,* the defendant stated the surrounding circumstances of the crime in open court, indicating he was well aware of the accusation and admitting the essential elements of the crime.

Under the court rule and the cases herein cited, it is mandatory on arraignment on the information, that the court inform the accused of the nature of the accusation and investigate by direct questioning the accuracy of the charge for the purpose of establishing the crime and the defendant's participation therein. In referring to the offense to which the defendant offered a plea of guilty, the court in questioning the defendant on arraignment only used the words "possession of burglary tools." This alone was not sufficient to establish the crime and the defendant's participation therein.

The fact that defendant was not a stranger to the criminal courts of our State or that he was represented by competent counsel does not relieve the trial court of fulfilling the mandatory requirements of the court rule. *People* v. *Barrows, supra; People* v. *Winegar, supra.*

Common sense compels recognition of the fact that certain offenses involve more elements and are of greater complexity than others. The instant case is an example of the former, and *Steele, supra,* of the latter. The language of the court rule dealing with acceptance of pleas implicitly recognizes this fact, and we have recognized this self-evident principle in applying the rule to the offenses charged and the fact situations presented by the cases cited above. Although the *requirement* does not change, the *extent* of explanation it demands of the trial court prior to acceptance of a plea cannot be set by predetermined, mechanical rules and must nec-

essarily vary to cover the offense charged and the facts of each case.

In view of the action we order herein, we find it unnecessary to comment upon the other assignments of error made by the defendant except to say we find them to be without merit.

The conviction of the defendant is reversed and remanded for trial.

LESINSKI, C. J., concurred with HOLBROOK, J.

J. H. GILLIS, J. (*dissenting*). While defendant raises several allegations of error for review, I agree with the majority opinion that the only substantial issue is whether the court complied with GCR 1963, 785.3(2). Unlike my colleagues of the majority, I believe that the court substantially complied with the requirements thereof and in particular that the court advised the defendant of the nature of the accusation. The record shows that on the 22d day of August, 1963, the defendant was arraigned on the information, which was read to him in open court. On October 15, 1963, defendant's experienced legal counsel advised the court that his client desired to plead guilty to the second count—possession of burglar tools.

In *People* v. *Reed* (1965), 1 Mich App 60, 62, we stated:

" 'The form and manner of this examination has not been prescribed but is left to the discretion of the judge, to be exercised by him in the manner best suited to the parties and the offense.' "

This latter quote taken from *People* v. *Bumpus* (1959), 355 Mich 374, appears again in substance in *People* v. *Steele* (1966), 4 Mich App 352, 356.

While I subscribe to the proposition that the court rule is mandatory in that the trial court must exam-

ine the accused prior to accepting a plea, I do not
subscribe to the position that the *form and manner*
of this examination must be the same for all defend-
ants lest there be "a denial of equal protection of
the laws." The court rule could have provided a
precise form to be utilized by each judge at the time
that the court accepted a plea but this was not done
for an apparently good reason. A 16-year-old de-
fendant with no prior criminal experience, not repre-
sented by counsel, as in *People* v. *Atkins* (1966), 2
Mich App 199, should be examined more thoroughly
than a 41-year-old man whose criminal experience
extended over two decades, and who was represented
by able counsel.

Before accepting a guilty plea in a criminal case,
the court must exercise a judicial function and deter-
mine what information he must give to a defendant
before acceptance of the plea based on his knowledge
then at hand. The age of the defendant, his previous
criminal experience, his intelligence, and his repre-
sentation by counsel are some of the factors to be
considered by the trial court.

In *People* v. *Barrows* (1959), 358 Mich 267; *People*
v. *Hunn* (1965), 1 Mich App 580; and *People* v.
*Atkins, supra,* the respective ages of the defendants
were 19, 20 and 16. In both *Hunn* and *Atkins* the
defendants were not represented by counsel. In
*Barrows* the defendant had no prior criminal record
and, in addition, he "protested his innocence at every
point when given an opportunity to do so." In
view of the factual situation present in *Barrows,* I do
not feel the decision prohibits the trial court from
considering the presence of counsel when approving
a plea of guilty. In each of the above cited cases
the plea of guilty was set aside.

Perhaps the closest case to the instant one involves
the validity of the plea of guilty in *People* v. *Steele,*

*supra.* There the defendant was 26 years old, was represented by counsel and had prior experience as a defendant in court, and we approved the plea of guilty. The fact that defendant Steele gave a brief recitation of his activities was not relied on or referred to by this Court in its approval of the plea and this fact is insufficient to distinguish the instant case from *Steele.* In *People* v. *Reed, supra,* the defendant's age was 31, he was represented by counsel and had a prior criminal record. There, again, we approved defendant's plea. In *People* v. *Bumpus, supra,* a 21-year-old defendant with a prior record, who was not represented by counsel, pled guilty and the Court approved such plea.

In evaluating the validity of any plea, it is difficult to set forth a precise yardstick that can be used by the bench and bar to determine what is necessary to meet the requirements of GCR 1963, 785.3(2). It would simplify our task and avoid appeals if the trial court explained each and every element of the offense to the defendant, but we do not believe failure to do so is the sole factor to consider when we are asked to determine the validity of a plea.

We look to the record in the instant case to determine if the plea and its acceptance thereof by the trial court were fundamentally unfair to the defendant. He was represented by able counsel and, at 41 years of age, would not fall into the classification of a young, immature defendant. His criminal experience extended over two decades and it appears that the defendant confined his criminal activities to a specialized field, that of a nocturnal burglar. The defendant, having pled guilty in the instant case to possession of burglar tools, can hardly be classified as one who might not be aware of the implements of his chosen profession and could no doubt advise the court in detail what tools could best be utilized in a

burglary. The court did not question the defendant as to whether he knowingly possessed the burglar tools with intent to use or employ the same but, taking into consideration the defendant's previous criminal experience, this knowledge and intent can be inferred under the circumstances of this particular case.

I would vote to affirm.