## PEOPLE v. LANG.

Criminal Law—Breaking and Entering—Consequence of Plea
of Guilty.

  Informing defendant accused of breaking and entering a store
    building with intent to commit larceny of the nature of the
    accusation and the consequences of his plea before he was
    required to plead rather than after *held,* to be a substantial
    compliance with court rule regulating acceptance of plea,
    where the information was read and defendant informed
    of the nature of the accusation and the possible sentence,
    and where after pleading guilty he was examined by the court
    to establish the essential elements of the crime charged, defend-
    ant's participation, and the voluntariness of his plea, and
    any arguable departure from the procedure required by strict
    construction of the rule did not result in less than substantial
    justice (CL 1948, § 750.110, as amended by PA 1964, No
    133; GCR 1963, 529.1, 785.3[2]).

Appeal from Kent; Hoffius (Stuart), J. Sub-
mitted Division 3 November 9, 1967, at Grand

References for Points in Headnote
21 Am Jur 2d, Criminal Law §§ 486, 487.

Rapids. (Docket No. 3,462.) Decided March 20, 1968.

Leonard Lang was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James K. Miller,* Prosecuting Attorney, for the people.

*William J. Heyns,* for defendant.

Holbrook, J. Defendant was charged in an information with breaking and entering on December 12, 1966, a store building with intent to commit the crime of larceny therein.[1] On December 16, 1966, at arraignment, the information was read to defendant and he was informed of the nature of the accusation and that the felony charged was punishable up to 10 years in prison. Defendant pleaded guilty and was examined by the court in order to establish the essential elements of the crime charged, defendant's participation therein and the voluntariness of his plea. On January 27, 1967, defendant was sentenced to prison for a term of 2 to 10 years.

Defendant appeals from the trial court's denial of his motion to set aside his plea of guilty on the ground that the court failed to comply with GCR 1963, 785.3(2). Defendant seeks to have his plea of guilty set aside and the sentence vacated on the asserted basis that GCR 1963, 785.3(2) requires a trial court to inform the defendant of the nature of the accusation and the consequence of his plea *after,* rather than *before,* the guilty plea is made and before sentence is imposed.

---

[1] CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305),

Defendant cites *People* v. *Goldfarb* (1967), 6 Mich App 7, as applicable to the instant case. The trial judge properly pointed out in his opinion denying defendant's motion to set aside his plea of guilty that the present case could be distinguished from *Goldfarb:*

"There is nothing in the record which would indicate that he [Goldfarb] understood the charge. The information was not read to him, and he was only asked if he wished to plead guilty to possession of burglary tools and he said he did. He [Goldfarb] was then questioned as to the voluntariness of this and the Court found that this trial judge had failed to make sure that he [Goldfarb] understood the charge and that the [trial] court made no investigation as to the accuracy. On p 14 of that opinion the Court concluded:

" 'In our case the defendant was never asked whether he understood the charge and the court made no investigation as to the accuracy.' * * *

"In the instant case it is clear that he was advised of the charge and the maximum penalties, his right to counsel, and he was then questioned in detail * * * as to the events and who he was with and how he did go into the store building and what his purpose was. These are all clearly set forth in the arraignment and I am of opinion that the *Goldfarb Case* can be distinguished on that particular phase."

We agree with the trial court that *Goldfarb, supra,* is not applicable herein.

The relevant portion of GCR 1963, 785.3(2) provides as follows:

"If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea."

In the case of *People* v. *Wurtz* (1965), 1 Mich App 190, the defendant was advised on arraignment of the nature of the accusation against him before his plea of guilty was entered. We stated therein, at p 198, as follows:

"The nature of the charge was explained to defendant at the beginning of the proceedings. This Court concludes that the trial judge substantially satisfied the requirements of Court Rule No. 35A (1945)."[2]

The *Wurtz Case, supra,* is directly in point and is controlling in the instant case. Defendant was afforded opportunity to consider these matters of which he was informed before, as well as after, he entered his plea. We conclude the trial court substantially complied with the requirements of the court rule.

We are not convinced that the asserted variation from the procedure arguably required under strict construction of the court rule has resulted in less than substantial justice. GCR 1963, 529.1.

Affirmed.

LESINSKI, C. J., and BURNS, J., concurred.

---

[2] The wording in the old court rule 35A (1945) is identical with the wording of the present court rule, GCR 1963, 785.3(2).