PEOPLE *v.* CHERRY.

1. CRIMINAL LAW—GUILTY PLEA—EXAMINATION OF DEFENDANT.
   The form and manner of the examination of a defendant before acceptance of his plea of guilty is left to the discretion of the judge, to be exercised in the manner best suited to the parties and to the offense (CL 1948, § 768.35; GCR 1963, 785.3[2]).

2. SAME—PLEA OF GUILTY—EXPLANATION OF CHARGE.
   Informing defendant that he is pleading guilty to the crime of larceny in a building is a sufficient explanation of the nature of the act complained of in the information to conform to the court rule and statute requiring that the accused, represented by counsel, be informed of the nature of the accusation (CL 1948, §§ 750.360, 768.35; GCR 1963, 785.3[2]).

Appeal from Recorder's Court of Detroit; Burdick (Benjamin D.), J. Submitted Division 1 December 7, 1967, at Detroit. (Docket No. 3,191.) Decided March 28, 1968.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 486, 489.

James Cherry was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Albert Green* and *Paul Green,* for defendant.

LESINSKI, C. J. The defendant, James Cherry, was charged in an information with breaking and entering a business place with intent to commit larceny[1] and larceny in a building.[2] Defendant pled guilty in the recorder's court for the city of Detroit, October 26, 1966, to the charge of larceny in a building. The plea of guilty was accepted by the trial court. On January 16, 1967, defendant moved the trial court to set aside the plea and grant a new trial. The motion was denied. Defendant appeals.

The error asserted by the defendant is that the trial court failed to comply with the provisions of CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058),[3] and GCR 1963, 785.3(2)[4] when it accepted the ten-

---

[1] CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305), as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305).

[2] CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592).

[3] "Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied after such investigation as he may deem necessary for that purpose respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a trial of the issue thus formed."

[4] "If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of

dered plea of guilty. Defendant contends he did not understand the nature of the accusation and that his plea was not understandingly made.

It has frequently been stated in this State that the form and manner of the examination of the defendant is left to the discretion of the judge, to be exercised in the manner best suited to the parties and the offense. *People* v. *Bumpus* (1959), 355 Mich 374; *People* v. *Reed* (1965), 1 Mich App 60; *People* v. *Steele* (1966), 4 Mich App 352; and *People* v. *Goldfarb* (1967), 6 Mich App 7.

Defendant, in support of his claimed error, relies upon *People* v. *Johnson* (1966) 2 Mich App 182, where this Court said at page 185:

"A plea cannot be understandingly made if the defendant is not told what he is pleading guilty to."

The trial court record discloses the following exchange between the trial judge and the defendant:

*"The Court:* Now, you are pleading guilty to the second count in the information which is the crime of larceny in a certain building, the business place of Samuel Keywell & Co., Inc., located at 3075 Lonyo, Detroit, Michigan. Do you want to plead guilty to that charge?

*"Defendant:* Right.

*"The Court:* Are you pleading guilty to that charge because you are guilty?

*"Defendant:* Yes, sir."

The foregoing colloquy indicates defendant's understanding of the charge to which he was pleading guilty.

The defendant also relies upon *People* v. *Goldfarb, supra,* for the proposition that a more detailed ex-

guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

planation of the charge than the above colloquy is required by the court rule. The Court, in *Goldfarb,* stressed the complexity of the offense charged,[5] the various elements required to be proven, and the specific purpose which must be shown and held that in such a case merely naming the charge is not a sufficient explanation of the nature of the offense. This case presents a situation more similar to that of *People* v. *Steele, supra.* The charge in the case before us, "larceny in a building," is sufficient for a clear understanding of the nature of the act complained of in the information. Furthermore, during the trial judge's examination of the defendant, while represented by counsel, the defendant admitted stealing copper from the building on several different occasions.

The record supports the trial court's acceptance of the defendant's plea of guilty pursuant to CL 1948, § 768.35, *supra,* and GCR 1963, 785.3(2). We find the defendant's objections to the proceedings in recorder's court to be without support in the record and without merit.

Affirmed.

FITZGERALD and MCGREGOR, JJ., concurred.

---

[5] Possession of burglar's tools.