## PEOPLE *v.* SINK.

1. CRIMINAL LAW—COURT RULE—ACCEPTANCE OF PLEA OF GUILTY.
   The form and manner of discharging the duty imposed on the trial court by the court rule relating to the acceptance of a plea of guilty is discretionary with the trial court as long as it complies with the provisions set forth in the rule (GCR 1963, 785.3[2]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 486, 489.
[2] 21 Am Jur 2d, Criminal Law §§ 325, 486, 492, 503–505.

2. SAME—RECIEVING STOLEN PROPERTY—PLEA OF GUILTY.

    Denial of motion by defendant, convicted of receiving and con-
      cealing stolen property, to withdraw his plea of guilty *held*,
      not an abuse of discretion, where the record shows that the
      court adequately informed the defendant of the nature of the
      accusation, examined the defendant as to the accuracy of the
      charge for the purpose of establishing the crime, his partic-
      ipation in the crime, and his knowledge of the elements of the
      crime required to find him guilty, and determined that the
      plea was given without force, fraud, or promise of leniency
      (CLS 1961, § 750.535; GCR 1963, 785.3[2]).

Appeal from Berrien; Zick (Karl), J. Submitted
Division 3 December 7, 1967, at Grand Rapids.
(Docket No. 3,619.) Decided March 28, 1968.

Thomas Sink was convicted of receiving and con-
cealing stolen property of a value in excess of $100
knowing it to have been stolen. Defendant appeals.
Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *John T. Hammond*,
Prosecuting Attorney, and *Harry J. Creager*, As-
sistant Prosecuting Attorney, for the people.

*Richard J. Globensky*, for defendant on appeal.

J. H. GILLIS, J. On October 7, 1966, defendant,
Thomas Sink, was convicted on his plea of guilty of
having received and concealed stolen property of a
value in excess of $100 knowing the same to have
been stolen.[1] On December 2, 1966 the defendant was
sentenced to a prison term of 2 to 5 years. On March

---

[1] CLS 1961, § 750.535 (Stat Ann 1968 Cum Supp § 28.803): "Any
person who shall buy, receive or aid in the concealment of any stolen,
embezzled or converted money, goods or property knowing the same
to have been stolen, embezzled or converted, if the property purchased,
received or concealed exceed the value of $100.00, shall be guilty of a
felony, punishable by imprisonment in the state prison not more than
5 years or by a fine of not more than $2,500.00."

30, 1967, the defendant filed a motion for withdrawal of his plea of guilty, which was denied.

On appeal defendant contends that the trial court erred in denying the motion to withdraw the plea of guilty in that the court failed to inform the accused of the nature of the accusation and failed to examine the defendant "as to the accuracy of the charge for the purpose of establishing the crime, the defendant's participation therein, the defendant's knowledge of the elements of the crime required so as to find him guilty, and whether the defendant's plea was given without promise of leniency."

The following appears from the transcript of the proceedings in the trial court when the defendant proffered and the court accepted the plea:

*"The Court:* You heard your counsel state you want to plead guilty to this charge of receiving or concealing stolen property, you knowing it was stolen; is that correct?

*"Defendant:* Yes, sir.

*"The Court:* And you have gone over this matter in detail with your lawyer and you understand all the elements of the offense?

*"Defendant:* Yes, sir.

*"The Court:* That you received this shotgun of the value of more than $100 belonging to the Berrien County Sportsman's Club lately before feloniously having been stolen, taken and carried away; and that you knew that that had been done—that it had been stolen. Do you understand the elements?

*"Defendant:* Yes, sir.

*"The Court:* Now, your counsel, of course, has advised you that if that offense is established, the maximum penalty is five years in State's prison; and also the statute provides $2,500 fine. Do you understand that?

*"Defendant:* Yes, sir.

*"The Court:* And you still wish to plead guilty?

*"Defendant:* Yes, sir.

"*The Court:* And, of course, you understand you are entitled to have a jury trial if you wish?

"*Defendant:* Yes, sir.

"*The Court:* You have gone over that with your attorney?

"*Defendant:* Yes, sir.

"*The Court:* I will ask you some formal questions required. Do I understand that you are pleading guilty because you know you did on May 1, 1966, in the township of Sodus, this county and State, commit this criminal offense of receiving and concealing stolen property, knowing it had been stolen; is that correct?

"*Defendant:* Yes, sir.

"*The Court:* And you know it will be necessary for the court to impose a penalty within the limitations I have talked about.

"*Defendant:* Yes, sir.

"*The Court:* By limitations I mean the five years or $2500.

"*Defendant:* Yes, sir.

"*The Court:* Has anyone used any force or fraud or tricks or intimidations of any kind to get you to plead guilty?

"*Defendant:* No, sir.

"*The Court:* Has anyone made any promises or held out any inducements to get you to plead guilty to this charge?

"*Defendant:* No, sir.

"*The Court:* And the court understands you are pleading guilty because you know you are guilty and know you will have to be punished for this offense; is that correct?

"*Defendant:* Yes, sir.

"*The Court:* Under the circumstances, and noting especially the defendant is represented by counsel, the court finds the plea of guilty to be freely, voluntarily and understandingly offered; and therefore it is received."

Defendant relies heavily on *People* v. *Goldfarb* (1967), 6 Mich App 7, but here the court had adequately informed the defendant of the nature of the accusation. See, also, *People* v. *Steele* (1966), 4 Mich App 352.

In this case the judge examined the defendant as to the accuracy of the charge for the purpose of establishing the crime, the defendant's participation therein, the defendant's knowledge of the elements of the crime required so as to find him guilty, and that the defendant's plea was given without promise of leniency. The court fully complied with the requirements of GCR 1963, 785.3(2). The form and manner of discharging the duty imposed by the court rule is discretionary with the trial court as long as it complies with the provisions set forth therein. *People* v. *Gill* (1967), 8 Mich App 89.

Affirmed.

HOLBROOK, P. J., and BURNS, J., concurred.