PEOPLE v. HARRIS.

1. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE.
    A court must inform the defendant of the nature of the accusation against him and the consequence of his plea, and examine the defendant so as to determine that the plea was freely and understandingly made before it may accept a plea of guilty and impose sentence (GCR 1963, 785.3[2]).

2. SAME—PLEA OF GUILTY—NATURE OF EXPLANATION OF ACCUSATION.
    The extent of the explanation required regarding the nature of the accusation before accepting plea of guilty to charge of

---

REFERENCES FOR POINTS IN HEADNOTES

[1–6] 21 Am Jur 2d, Criminal Law § 486 *et seq.*
    Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

crime varies according to the complexity of the offense and the facts of the individual case (GCR 1963, 785.3[2]).

3. SAME—PLEA OF GUILTY—INFORMATION—LESSER INCLUDED OFFENSE.

It is not necessary for the trial court to amend an information charging armed robbery before accepting a plea of guilty to the lesser included offense of larceny from the person if the lesser offense was included in the original information and the defendant was thereby fully informed of the included offense (CL 1948, § 750.357; CLS 1961, § 750.529).

4. SAME—PLEA OF GUILTY—ACCEPTANCE—EXAMINATION OF DEFENDANT.

The form and manner of the required examination of the defendant before acceptance of a plea of guilty is left to the discretion of the trial judge to be exercised in the manner best suited to the parties and the offense (GCR 1963, 785.3[2]).

5. SAME—PLEA OF GUILTY—WAIVER OF TRIAL.

A defendant, with benefit of competent counsel, who chooses to waive his constitutional right to trial on the merits by freely, voluntarily, and understandingly pleading guilty, after having been fully informed of the nature of the accusation and the consequence thereof, is conclusively bound by his waiver (GCR 1963, 785.3[2]).

6. SAME—ACCEPTANCE OF GUILTY PLEA—APPEAL AND ERROR.

A determination by the trial court that a plea to a lesser included offense was voluntarily and understandingly made is not disturbed, where it is supported by the record (GCR 1963, 785.3[2]).

Appeal from Recorder's Court of Detroit, Schemanske (Frank G.), J. Submitted Division 1 February 8, 1968, at Detroit. (Docket No. 3,592.) Decided May 27, 1968.

Eugene Harris was convicted of larceny from the person on plea of guilty. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Thomas P. Smith*, Assistant Prosecuting Attorney, for the people.

*Paul R. Jackman*, for defendant on appeal.

Peterson, J. Appellant, charged with armed robbery,[1] stood mute and was released on bond. On the date set for trial, he appeared with counsel who advised the Court that his client wished to enter a plea of guilty to the lesser included offense of larceny from the person.[2] Counsel told the Court that he had consulted with his client and that he had advised his client of his right to trial by jury or trial by the Court, and of the possible consequences of a plea of guilty.

The prosecuting attorney consented to the plea to the included offense, and the trial judge then interrogated one of the investigating officers in defendant's presence. The officer related the essential facts of the complaint, the report of a robbery at knifepoint and complainant's description of the offenders, the complainant's identification of defendant on the street and again in a show-up at the police station, the arrest of defendant and the confiscation of a knife dropped by the defendant.

The trial judge then addressed defendant as follows:

"*Q.* Your name is Eugene Harris?
"*A.* (Nods head affirmatively.)
"*Q.* You heard your attorney state that you wish to withdraw your plea of not guilty and plead guilty

---

[1] CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).
[2] CL 1948, § 750.357 (Stat Ann 1954 Rev § 28.589).

to the included offense of larceny from the person, is that correct?

"*A*. Yes, sir.

"*Q*. Has anyone threatened you or promised you anything to plead guilty?

"*A*. No, sir.

"*Q*. Are you pleading guilty of your own free will?

"*A*. I am pleading guilty because I am guilty of larceny from a person.

"*Q*. You understand once you plead guilty you cannot withdraw the plea of guilty, do you understand that?

"*A*. Yes, sir.

"*The Court:* All right, the court will accept the plea of guilty of larceny from the person.

"*Mr. Bell (counsel):* Thank you very much, your Honor."

Appellate contends that the arraignment failed to meet the requirements of GCR 1963, 785.3(2), in that he was not informed of "the nature of the accusation."[3]

In *People* v. *Goldfarb*, 6 Mich App 7, this requirement was considered (p 15):

---

[3] GCR 1963, 785.3(2): "Imposing sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

While the arraignment occurred in 1964, counsel for appellant argues that the provisions of a later amendment to the rule should be applied to test the adequacy of the arraignment procedure. He specifically refers to subsections (1)(e) and (1)(f) (added in 1966 and since withdrawn [see 378 Mich xxxix, xliii]), requiring the court to interrogate the accused as to the facts of the alleged offense. This, however, is not the same as the requirement that the court "shall inform the accused of the nature of the accusation." Neither does it appear essential as a matter of due process.

"Under the court rule and the cases herein cited, it is mandatory on arraignment on the information that the court inform the accused of the nature of the accusation and investigate by direct questioning the *accuracy of the charge for the purpose of establishing the crime and the defendant's participation therein.* In referring to the offense to which the defendant offered a plea of guilty, the court in questioning the defendant on arraignment only used the words 'possession of burglary tools.' This alone was not sufficient to establish the crime and the defendant's participation therein.

"The fact that defendant was not a stranger to the criminal courts of our State or that he was represented by competent counsel does not relieve the trial court of fulfilling the mandatory requirements of the court rule." *People* v. *Barrows* (1959), 358 Mich 267; *People* v. *Winegar* (1966), 4 Mich App 547.

In *Goldfarb,* the court used the general term "possession of burglary tools" in asking the defendant about his plea, and no other reference was made to the charge or his participation. As noted at pages 15, 16:

"Common sense compels recognition of the fact that certain offenses involve more elements and are of greater complexity than others. The instant case is an example of the former, and *People* v. *Steele* (1966), 4 Mich App 352, of the latter. The language of the court rule dealing with acceptance of pleas implicitly recognizes this fact, and we have recognized this self-evident principle in applying the rule to the offenses charged and the fact situations presented by the cases cited above. Although the *requirement* does not change, the *extent* of explanation it demands of the trial court prior to acceptance of a plea cannot be set by predetermined, mechanical rules and must necessarily vary to cover the offense charged and the facts of each case."

In the instant case no such complex crime is involved, but only the relatively simple concept of larceny from the person. In *People* v. *Kearns*, 2 Mich App 60, the defendant, as here, was charged with armed robbery, arraigned, and entered a plea of not guilty. As in the instant case he subsequently appeared and entered a plea of guilty to a lesser included offense. At page 63 the following appears:

"The first question raised by the appellant inquires into the necessity of amending the information when the judge takes a plea to a lesser included offense. The basic reason for an information is to apprise the defendant of the charges against him. If the information fulfills this requirement, then it is a good and proper information. As early as *People* v. *Calvin* (1886), 60 Mich 113, the Michigan Supreme Court laid down the guidelines as to what is necessary to inform the defendant. In the *Calvin Case* our Supreme Court said at page 122:

" 'If the information or indictment, although defective in its averments as to a higher crime, *contains a full description of a lesser offense of the same nature, the respondent cannot complain that he has not had full and sufficient notice* of the crime for which he is tried and convicted.' " (Emphasis supplied.)

See, also, *In re Kovacivich* (1948), 323 Mich 310, 314, 315.

In the case at bar, the defendant was fully informed by the information of the included offense of assault with intent to rob being armed. CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284). We therefore find no merit to the contention that the trial court was required to amend the information, as it initially informed the defendant of the charge against him.

As in *Kearns*, the accused here heard the information and entered his plea thereto. In the conversa-

tion with the court noted above, he used the language of the statute,[4] but the words have relatively commonplace and unsophisticated meanings and indicate his knowledge of the accusation. His plea and his statement following the officer's narrative leave no doubt as to the "accuracy of the charge for the purpose of establishing the crime and the defendant's participation therein."

In *People* v. *Gill*, 8 Mich App 89, 93, 94, the court says:

"It is settled law that before a judge accepts a plea of guilty, he must satisfy himself that the plea was made freely and understandingly with knowledge of its consequences and without undue influence or promise of leniency. The form and manner of the examination is left to the discretion of the judge to be exercised in the manner best suited to the parties and the offense. CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058). See, also, *People* v. *Bumpus* (1959), 355 Mich 374; *People* v. *Coates* (1953) 337 Mich 56; *People* v. *Wurtz* (1965), 1 Mich App 190; *People* v. *Reed* (1965), 1 Mich App 60; *People* v. *Steele* (1966), 4 Mich App 352. * * *

"Where a defendant, with the benefit of competent counsel, has chosen to waive his constitutional right to trial on the merits by freely, voluntarily, and understandingly pleading guilty, after having been fully informed of the nature of the accusation and the consequence thereof, he is conclusively bound by such waiver."

The trial judge determined in the instant case that the plea tendered was voluntarily and understandingly made. That determination is supported by the record and will not be disturbed. The acceptance of the plea and sentence are affirmed.

BURNS, P. J., and HOLBROOK, J., concurred.

---

[4] CL 1948, § 750.357 (Stat Ann 1954 Rev § 28.589).