PEOPLE v. JOHNSON.

1. CRIMINAL LAW—SENTENCE—PLEA OF GUILTY—RECORD.

All of the proceedings involved in the sentencing of a defendant who has pleaded guilty to crime should be recorded, whether in court or in conference in chambers and thereby enable appellate courts to examine a record on which they can judge compliance with pertinent court rule requiring the trial court to inform the accused of the nature of the accusation and consequences of his plea (GCR 1963, 785.3[2]).

2. SAME—PLEA OF GUILTY—EXAMINATION BY JUDGE—RECORD.

Record on application for delayed appeal, which shows trial court had failed to inform defendant of the nature of the charges of forgery and uttering and publishing a forged instrument before accepting plea of guilty and the effect of such plea at second arraignment where defendant then had no counsel, justified peremptory order setting aside plea of guilty and vacating sentence, the mandatory provisions of the pertinent court rule not being supplied by defense counsel's waiver of the reading of the information at the first arraignment (CL 1948, §§ 750.248, 750.249; GCR 1963, 785.3[2], 806.7).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 November 2, 1965, at Lansing. (Docket No. 1,290.)   Decided January 11, 1966.

Michael Duane Johnson was convicted, on his plea of guilty, of forgery and uttering and publishing a forged instrument. On application for delayed appeal, conviction set aside and remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*Larry D. Fowler,* for defendant.

McGREGOR, J. The defendant Johnson was convicted in the Ingham county circuit court of the crimes of forgery[1] and uttering and publishing[2] upon his plea of guilty. He was sentenced to concurrent 2-1/2 to 14-year terms on each count. The record shows that when defendant was first brought before the circuit court for arraignment, on November 13, 1964, he was represented by counsel. His counsel waived reading of the information and stated that the defendant understood the charge and desired to stand mute. Accordingly, the court entered a plea of not guilty for the defendant. On December 28, 1964, defendant was again brought before the circuit bench. The attorney had withdrawn from the case but defendant, after being informed of his right to appointed counsel, told the court he did not want a lawyer.

The record shows that at the second arraignment the trial judge fully informed the defendant about his rights to counsel and to a trial by jury or before

---

[1] CL 1948, § 750.248 (Stat Ann 1962 Rev § 28.445).—REPORTER.
[2] CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446).—REPORTER.

the court without a jury, and gave him an opportunity to ask for counsel and trial. Defendant declined both. This Court has no reason to doubt that the trial judge advised defendant of the consequences of his plea, but the record is inadequate in this regard. Such advice is not recorded and was apparently given at the unrecorded conference in chambers. To avoid such inadequacies, trial courts should record all of the proceedings, whether in court or in conference in chambers. Such practice would furnish appellate courts with a record on which they can judge compliance with GCR 1963, 785.

The case comes before this Court on defendant's application for delayed appeal from his conviction in the circuit court. Defendant contends that his plea of guilty was not understandingly made because he was not informed of the charges against him during the arraignment at which his plea of guilty was accepted. The rules require the following procedure:

"Imposing sentence. If the accused pleads guilty, after such plea and before sentence, the court shall inform the accused of the nature of the accusation * * * and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made." GCR 1963, 785.3(2).

Careful examination of the record shows that the trial court failed to inform the defendant of the nature of the charges against him at the second arraignment before accepting the plea of guilty. There is not a hint that the charges against the defendant were even mentioned. The appellee contends that the defense counsel's waiver of the reading of the information at the first arraignment supplies for this defect. Consideration of the language and purpose of Rule 785 refutes this con-

tention.   The court rules clearly state that the court must inform the defendant of the nature of the accusation.   There are no exceptions to this requirement.   The trial judge is bound to make whatever examination is necessary to determine that the defendant's plea is understandingly made, whether or not he is represented by counsel.   A plea cannot be understandingly made if the defendant is not told what he is pleading guilty to.   This failure of the court to comply with the mandatory provisions of the court rule requires that relief be granted in this Court.

In lieu of granting the application for delayed appeal, this Court, under GCR 1963, 806.7, peremptorily sets aside the plea of guilty, vacates sentence, and remands to the circuit court for such further proceedings as may be required.

QUINN, P. J., and T. G. KAVANAGH, J., concurred.