PEOPLE v. DEMERS.

CRIMINAL LAW—ARRAIGNMENT—PLEA OF GUILTY—TRIAL BY JURY.
   It was reversible error for trial court to accept plea of guilty to charge of breaking and entering with intent to commit a felony from defendant not represented by counsel at arraignment, where, trial court stated defendant was entitled to a trial but failed to indicate he was entitled to a trial by *jury* as required by court rule (CL 1948, § 750.110; GCR 1963, 785.3).

Appeal from Berrien; Hadsell (Phillip A.), J. Submitted Division 3 December 7, 1965, at Grand Rapids. (Docket No. 628.) Decided January 25, 1966.

REFERENCES FOR POINTS IN HEADNOTE
31 Am Jur, Jury §§ 8, 53.
Right of defendant to waiver right of trial by jury where he is not represented by counsel. 143 ALR 445.

Charles Demers was convicted of breaking and entering with intent to commit a felony. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John T. Hammond,* Prosecuting Attorney, and *Harry J. Creagar,* for the people.

*Thomas H. Adams, Jr.,* for defendant.

FITZGERALD, P. J. Defendant, Charles Demers, was arrested and charged with breaking and entering with intent to commit a felony or larceny pursuant to CL 1948, § 750.110 (Stat Ann 1962 Rev § 28-.305). The crime took place November 26, 1964, in the city of Benton Harbor.

Upon arraignment, December 4, 1964, to answer an information charging him with the offense, defendant, unrepresented by counsel, pleaded guilty and later was sentenced to 3 to 10 years in prison.

Defendant appeals on various grounds, all of which are directed toward statutory and constitutional issues arising from arraignment.

To go to the heart of defendant's appeal, we set forth the relevant part of GCR 1963, 785.3(1), supplying emphasis where it bears on this appeal:

"Arraignment. If the accused is not represented by counsel upon arraignment, before he is required to plead, *the court shall advise the accused that he is entitled to a trial by jury* and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him."

Following is the relevant portion of the record on arraignment:

"*Court.* It carries a maximum penalty of 10 years in the penitentiary. *You are entitled to a trial* to determine whether or not you are guilty of this charge. You are entitled to counsel to defend you; of your own choosing if you have sufficient funds to employ counsel, and, if. not, then appointed by the court at the expense of the people. You also have a right to plead to it if you wish. What is your desire?

"*Defendant.* Plead guilty."

Defendant has assigned as error the fact that he was not apprised of his right to jury trial on arraignment—and indeed he was not, a fact conceded by the prosecution.

Defendant submits a number of subjective reasons why he was prejudiced by this failure to inform him of his right to jury trial: that the court and prosecutor were not clearly divorced in his mind, that the judge in the instant case failed in conveying the idea of impartiality to him, that all those present were interested in his sentencing and that he consequently pleaded guilty.

The people, as appellees, conversely use subjective arguments to say that this was not prejudicial error, specifically by the statement from their brief: "Query: Does the average person, uninformed as to the law, associate a trial with a jury? Submitted that he definitely does so. In fact, appellee respectfully submits that appellant also understood that his right to a trial meant a trial by jury, and challenges him to show otherwise."

The problem, it seems to us, is not what was in the mind of the defendant, the prosecutor, or the judge, but whether the court rule was complied with.

Problems arising from GCR 1963, 785.3, have come to this court in its brief existence with increasing frequency. See *People* v. *Hunn* (1965), 1 Mich App

580; *People* v. *Atkins* (1966), 2 Mich App 199; *People* v. *Curtis Lee Williams* (1966), 2 Mich App 232.

It is not necessary to assume the role of a martinet to state that GCR 1963, 785.3(1), was not complied with here, specifically in that defendant was not told of his right to a jury trial.

A trial court need not be avuncular in its compliance with GCR 1963, 785.3(1), but all its mandates must be observed. Five minutes invested in a thorough compliance with the rule could yield untold benefits for all concerned with a criminal prosecution.

Reversed and remanded.

HOLBROOK and T. G. KAVANAGH, JJ., concurred.