PEOPLE v. RICHARDSON.

1. Criminal Law—Constitutional Law—Arraignment.

The Court of Appeals has consistently held that trial courts must comply with court rules requiring that defendants in criminal cases must be informed of their right to a trial by jury and to have counsel (GCR 1963, 785.3).

2. Same—Arraignment—Constitutional Rights.

Arraignment of 18-year-old boy charged with unarmed robbery and assault with intent to commit unarmed robbery where trial court informed the defendant of his right to be represented by a lawyer, but failed to advise him that in case he was financially unable to hire a lawyer the court would appoint counsel for him held, reversible error (CL 1948, §§ 750.88, 750.530; GCR 1963, 785.3).

3. Same—Arraignment—Constitutional Rights.

Plaintiff's contention that arraignment of 18-year-old boy charged with unarmed robbery and assault with intent to commit unarmed robbery was not improper even though the trial court failed to inform him that counsel would be appointed for him if he were indigent because defendant, while waiting to be arraigned before the court, witnessed the arraignment of another party and heard a full statement of his constitutional rights held, not well taken, since it was the duty of the trial judge to inform him in his right to court-appointed counsel if he could not afford to retain his own attorney (CL 1948, §§ 750.88, 750.530; GCR 1963, 785.3).

Appeal from Kent; Vander Wal (John H.), J. Submitted Division 3 March 8, 1966, at Grand

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 309, 317.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 309, 317–320.

Rapids.   (Docket No. 1,129.)   Decided October 25, 1966.

Robert Dan Richardson was convicted of unarmed robbery and assault with intent to commit unarmed robbery on a plea of guilty.  Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Norman K. Kravitz,* Assistant Prosecuting Attorney, for the plaintiff.

*Clem H. Block,* for the defendant.

BURNS, J.   Defendant, Robert Dan Richardson, appeals from his conviction of a plea of guilty on 2 felony charges; first, unarmed robbery[1] and, second, assault with intent to commit unarmed robbery.[2]

Defendant, then only 18 years old, was sentenced to a term of 5 to 15 years.

The relevant portion of the circuit court arraignment at which defendant appeared without counsel follows.  The court stated:

"Now you heard me explain to these other men that you men are charged here with an offense for which you could go to prison.  You have a right to a trial either before the court or before the court and a jury.  You have a right to be represented by a lawyer."

GCR 1963, 785.3 reads as follows:

"Arraignment and sentencing.  In every prosecution wherein the accused is charged with a felony, the trial court shall conform to the following practice: —

---

[1] CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798).
[2] CL 1948, § 750.88 (Stat Ann 1962 Rev § 28.283).

"(1) Arraignment. If the accused is not represented by counsel upon arraignment, before he is required to plead, the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him."

The circuit judge informed the defendant of his right to be represented by a lawyer, but failed to advise him that in case he was financially unable to hire a lawyer the court would appoint counsel for him.

This Court has consistently held that trial courts must comply with the provisions of GCR 1963, 785.3. *People* v. *Hunn* (1965), 1 Mich App 580; *People* v. *Johnson* (1966), 2 Mich App 182; *People* v. *Atkins* (1966), 2 Mich App 199; *People* v. *Williams* (1966), 2 Mich App 232; *People* v. *Demers* (1966), 2 Mich App 238.

The appellee argues the defendant, while waiting to be arraigned before the court, witnessed the arraignment of another party and heard a full statement of his constitutional rights.

The court rule states "in every prosecution," and the defendant was not required to listen to the arraignment of another defendant in an unrelated case to be informed of his constitutional rights. It was the duty of the trial judge to inform him in his individual case of his right to court-appointed counsel if he could not afford to retain his own attorney.[3]

The judgment of the trial court is reversed and the case remanded for a new trial.

FITZGERALD, P. J., and J. H. GILLIS, J., concurred.

_____

[3] Although the point is not raised by counsel, the record indicates that the trial judge also failed to apprise the defendant as to the consequence of his plea of guilty.