PEOPLE v. BURD, NO. 2.

CRIMINAL LAW—RIGHT TO COUNSEL—WAIVER.

Defendant's answer "No" in reply to question on arraignment by trial judge "Do you want to consult an attorney before you plead to this charge?" *held*, an effective waiver of right to counsel where judge had told defendant that the law gave him the right to consult an attorney.

Appeal from Kent, Vander Wal (John H.), J. Submitted Division 3 October 3, 1968, at Marquette. (Docket No. 3,659.) Decided October 21, 1968.

Keith E. Burd was convicted of arson on a plea of guilty. Defendant's motion for withdrawal of plea and vacation of conviction and sentence denied. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *James K. Miller*, Prosecuting Attorney, and *S. J. Venema*, Assistant Prosecuting Attorney, for the people.

*Raymond R. Kail*, for defendant on appeal.

PER CURIAM. Keith E. Burd was convicted of arson in 1958 on a plea of guilty. CL 1948, § 750.73 (Stat Ann 1962 Rev § 28.268). He appeals claiming the trial court committed error in not advising him

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 316.

of his right to court appointed counsel and in proceeding against him under an unauthorized warrant.

Upon defendant's arraignment, he was apprized of his right to an attorney as follows:

"The law gives you the right to consult an attorney if you care to do so. So before you say whether you are guilty or not guilty, my question to you then is do you want to consult an attorney before you plead to this charge, before you say whether you are guilty or not guilty?"

He responded: "No".

Under the authority of *People* v. *Stearns* (1968), 380 Mich 704, we hold this constitutes a waiver of the right to counsel.

Defendant also asserts that he was arrested under an unlawful warrant. CL 1948, § 774.4 (Stat Ann 1959 Cum Supp § 28.1195). A review of the record discloses no procedural defect and no error regarding this allegation. *People* v. *Carter* (1967), 379 Mich 24.

The judgment of the trial court is affirmed.

T. G. KAVANAGH, P. J., and McGREGOR and PHILIP C. ELLIOTT, JJ., concurred.