PEOPLE v. MELVIN

1. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA—COURT RULE.

The elements of the crime charged need not be explained to a defendant by the court before accepting a plea of guilty; all that is required is that the court inform the accused of the nature of the accusation and the consequences of his plea and ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress (GCR 1963, 785.3[1] [b], 378 Mich xxxviii; 378 Mich xliii).

2. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA.

Trial court's acceptance of defendant's plea of guilty to uttering and publishing a false instrument held, proper where the record shows that defendant's statement as to what he did clearly reflected that he was quite aware of the fact of his guilt in all particulars, that defendant was represented by counsel, and that defendant was furnished a copy of the information in open court and waived the reading of the information.

3. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA—APPEAL AND ERROR.

The Court of Appeals does not lightly cast aside the statement of the sentencing judge that he was assured that defendant's guilty plea was knowingly made and that defendant was informed of the nature of the accusation.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 486–488.
 Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.
[2] 21 Am Jur 2d, Criminal Law § 492.
[3] 5 Am Jur 2d, Appeal and Error § 867.

Appeal from Kalamazoo, Wade Van Valkenburg, J. Submitted Division 3 May 10, 1968, at Lansing. (Docket No. 3,928.) Decided August 26, 1969.

Levie W. Melvin was convicted, on his plea of guilty, of uttering and publishing a false instrument. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Leonard R. Remick,* Assistant Prosecuting Attorney, for the people.

*C. David Lundquist,* for defendant.

Before: Lesinski, C. J., and Quinn and Moody,* JJ.

Moody, J. On April 10, 1967, defendant appeared in court for arraignment and entered a plea of guilty to the charge of uttering and publishing a forged check on or about February 2, 1967, payable to himself in the sum of $21 and signed by Harold Ray and Linda Ray. The plea of guilty was accepted. From such plea defendant appeals. He claims that the court failed to inform him of the nature of the accusation and that his plea was not "understandingly made".

A synopsis of the total proceedings in this matter reveals that on March 16, 1967, the defendant was arrested pursuant to a warrant issued the same day charging him with the criminal offense of uttering and publishing a forged check. The associate municipal judge for the municipal court of the city of Kalamazoo on March 21, 1967, informed the defendant of the charged offense. The defendant thereupon demanded examination on such charge.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

However, on March 23, 1967, having had counsel appointed in his behalf and following counsel's advice, the defendant waived examination previously demanded and thereupon was bound over to the Kalamazoo county circuit court.

An information was issued and filed by the prosecuting attorney on April 7, 1967, charging that the defendant uttered and published as true a certain false and forged check on or about February 2, 1967, payable to himself in the sum of $21 and signed by Harold Ray and Linda Ray with intent to injure and defraud them knowing such check to be false and forged. On April 10, 1967, defendant, together with his court-appointed counsel, appeared for arraignment. Defense counsel was presented with a copy of the information by the assistant prosecuting attorney and waived its reading on the record. Thereupon the defendant entered a plea of guilty to the charge contained in the information. The defendant's guilty plea was accepted by the court and he was sentenced at a later date.

As one of the foundations of appeal, defendant contends that on the date of the plea, April 10, 1967, the General Court Rule governing such procedure, as amended in August, 1966, required as follows (GCR 1963, 785.3[1][b]):

"The court shall inform the accused of the nature of the accusation, including the elements of the crime charged."[1]

Defendant claims he was not specifically informed of "the elements of the crime charged".

However, the proposed amendments to Rule 785 dated August 24, 1966, which were to become effective January 1, 1967, were suspended by the Supreme

---

[1] GCR 1963, 785, as amended August 24, 1966; 378 Mich xxxviii-xliii

Court on November 16, 1966.[2]  Pursuant to the lat-
ter order, subrule 785.3(1)(b) continued to be en-
forced as it read before the proposed amendments
of August 24, 1966.  Hence, contrary to the conten-
tion of defendant, at the time his plea was taken,
GCR 1963, 785.3, provided in pertinent part:

"3. Arraignment in Sentencing.  In every pros-
ecution wherein the accused is charged with a felony,
the trial court shall conform to the following prac-
tice.  *  *  *

"(2) Imposing Sentence.  If the accused pleads
guilty, after such plea and before sentence the court
shall inform the accused of the nature of the accusa-
tion and the consequences of his plea; and regard-
less of whether he is represented by counsel, the
court shall examine the accused, not necessarily un-
der oath, as a condition of accepting the plea of guil-
ty and imposing sentence shall ascertain that the
plea was freely, understandingly, and voluntarily
made, without undue influence, compulsion, or du-
ress, and without promise of leniency.  Unless the
court determines that the plea of guilty was so made,
it shall not be accepted."[3]

When the plea was accepted, there was no specific
mandate that the court must inform the accused of
"the elements of the crime charged".  The court did
have the obligation to "inform the accused of the
nature of the accusation".  Whether this was suf-
ficiently done is one issue presented by the defend-
ant.  There is no question here that the court did in-
form the defendant of the consequences of his plea
and that the plea was made without undue influence
or promise of leniency.

The record at the arraignment reflects that the de-
fendant, who had a previous criminal record, was

---

[2] 378 Mich xliii
[3] 376 Mich xlii–xlvii

represented by counsel appointed by the court. He was furnished a copy of the information. In open court the reading of the information was waived. The court went on to state:

"You are charged here with uttering and publishing. All right, this was a check that was made payable to yourself in the amount of $21 on the Industrial State Bank and signed by Harold Ray and Linda Ray."

The court then went into detail inquiring of the accused what he did to give rise to the charge. Some of the colloquy between the court and the accused was as follows:

*"The Court:* Now, I think probably I have already mentioned that this involves a check in the amount of $21 and will you tell us, in your own words, and speak so the reporter can hear you, as to what happened?

*"The Defendant:* Yes, sir. I was spending a few days with my niece and nephew and I found a check there in their apartment, and I put my name on it and the amount and cashed it, and I bought them some milk for the baby and bought them groceries and took it back to the house, but I didn't mention to them what I did.

*"The Court:* Now, this Harold Ray—or is Linda Ray, is she your niece?

*"The Defendant:* Yes, sir.

*"The Court:* I see. The check I take it then was signed?

*"The Defendant:* Yes, sir.

*"The Court:* You filled your own name in there?

*"The Defendant:* Yes, sir.

*"The Court:* And then you took it over to the grocery store?

*"The Defendant:* And cashed it.

*"The Court:* And cashed it. Have you been in any serious trouble before?"

At a later point in the arraignment proceeding the court continued to question the defendant with respect to his knowledge and intent as follows:

"*The Court:* Now, when you signed this check and filled in your own name, what was your intention?

"*The Defendant:* Actually, sir, I don't know, I'll be honest.

"*The Court:* Well, you took it to the store and indorsed it?

"*The Defendant:* Yes, sir, and I spent the balance of the money besides what I—

"*The Court:* That's what I was wondering. You did get some money?

"*The Defendant:* Yes, sir.

"*The Court:* And you knew you were doing wrong in signing the check?

"*The Defendant:* Yes, sir.

"*The Court:* And part of it was to get some money.

"*The Defendant:* Yes, sir."

The defendant relies upon *People* v. *Hunn* (1965), 1 Mich App 580, and *People* v. *Johnson* (1966), 2 Mich App 182, to sustain his claim that the plea was not "understandingly made". Both cases involved the crime of uttering and publishing. In *Hunn,* the defendant, a 20-year-old itinerant not represented by counsel, at the arraignment indicated he was ignorant of the required elements of knowledge and intention to defraud. This court held that under such circumstances, it became the duty of the trial judge to explain to the defendant such elements in order to ascertain whether a plea of guilty was understandingly made. In this case, to the contrary, the defendant's statement at the arraignment with respect to what he did, including his knowledge and

intent, clearly reflected that he was quite aware of the fact of his guilt in all particulars of the alleged criminal offense.

. As for *Johnson,* the plea of guilty was accepted at a second arraignment where there was "not a hint that the charges against the defendant were even mentioned". Again Johnson had no counsel present after being appropriately advised of his right. Unlike *Johnson,* this defendant had counsel present, was furnished a copy of the information in open court, waived the reading of the information, was advised of the charge and replied to inquiry made with sufficient particularity by the trial judge to "tell us, in your own words,—as to what happened".

A reading of the entire record convinces this Court that the trial court complied with the provisions of the rule and that the defendant was informed of the nature of the accusation and that his plea was "understandingly made". *People* v. *Bumpus* (1959), 355 Mich 374; *People* v. *Wurtz* (1965), 1 Mich App 190; *People* v. *Kearns,* (1965), 2 Mich App 60; *People* v. *Steele* (1966), 4 Mich App 352; *People* v. *Fleming* (1966), 4 Mich App 644; *People* v. *Byrd* (1968), 12 Mich App 186.

In addition to the foregoing, upon accepting the plea of the defendant the trial judge stated:

"All right, I'm satisfied that this plea is freely, understandingly and voluntarily made without compulsion, duress or promise of leniency, that the defendant understands the nature of the charges brought against him, and therefore, his plea of guilty may be accepted."

This Court does not lightly cast aside the statement of the sentencing judge that he was assured that the defendant's plea was knowingly made and that the defendant was informed of the nature of the

accusations. A careful sifting of the record reflects nothing to impeach such conclusion.

We find no error. Affirmed.

All concurred.