PEOPLE *v.* FRONIUS

BURGLARY — BREAKING AND ENTERING — PLEA OF GUILTY — ELE-
MENTS OF CRIME.

Questioning of defendant by the trial judge in accepting defend-
ant's plea of guilty of breaking and entering was not so in-
complete as not to provide a factual basis for the acceptance
of the plea where, in response to the questioning, defendant
said that he entered a business establishment through a
window at 11 or 12 o'clock at night to steal some money
but the questioning did not establish that the window was
closed or that it was necessary to move it so that defendant
could enter, because there was no reason to believe that the
window in the business establishment had been left open at
that hour, it was not claimed that the window was closed,
and a codefendant, who pled guilty at the same hearing,
said he opened the window and explained how he did it
(MCLA § 750.111).

Appeal from Oakland, Clark J. Adams, J. Sub-
mitted Division 1 February 24, 1970, at Detroit.
(Docket No. 7,952.) Decided June 2, 1970.

Peter P. Fronius was convicted, on his plea of
guilty, of breaking and entering. Defendant ap-
peals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 485 *et seq.*
Court's duty to advise or admonish accused as to consequences
of plea of guilty, or to determine that he is advised thereof.
97 ALR2d 549.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *Edward Sosnick,* Assistant Prosecuting Attorney, for the people.

*James R. Laidig,* for defendant on appeal.

Before: LEVIN, P. J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. The defendant was convicted on his plea of guilty of the charge of breaking and entering. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). On appeal he asserts that the trial judge did not by direct questioning of the defendant, as required by *People* v. *Barrows* (1959), 358 Mich 267, 272, ascertain the crime and the defendant's participation in its commission. The people have moved to affirm.

In response to questioning by the judge the defendant said that at approximately 11 or 12 o'clock at night he entered a business establishment through a window and that his purpose in doing so was to steal some money. It was not, however, established in the questioning of the defendant that the window was closed or that it was necessary to move it so that the defendant could enter. See *People* v. *White* (1908), 153 Mich 617. There is, however, no reason to believe that the window of this business establishment had been left open at that hour of the night. Nor is it claimed on this appeal that the window was closed.

During the examination the defendant said that Timothy McLean and Theodore Dingman were with him when he entered the building. Dingman and McLean were also charged and also pled guilty at the

same hearing during which the defendant Fronius pled guilty. In response to a question from the court, Dingman said he opened the window and explained how he did so.

It would, of course, have been better had the trial judge questioned the defendant on this aspect of the matter. Under all the circumstances we are not prepared to say that the questioning was so incomplete as not to provide an adequate factual basis for the acceptance of a plea of guilty to this offense. See *People* v. *Bartlett* (1969), 17 Mich App 205. See, also, *People* v. *Seifert* (1969), 17 Mich App 187; *People* v. *Melvin* (1969), 18 Mich App 652.

The motion to affirm is granted.