PEOPLE v. BEAL

1. CRIMINAL LAW—RIGHT TO COUNSEL—ADVICE OF RIGHTS.

   Technical noncompliance with the rule requiring that an accused not only be advised of his right to counsel but also that if he is financially unable to provide counsel the court will appoint counsel for him no longer requires automatic reversal; the test now is whether there has been a miscarriage of justice (Court Rule No 35A[1945]).

2. CRIMINAL LAW—RIGHT TO COUNSEL—ADVICE OF RIGHTS—PRESUMPTIONS.

   Former court rule required the trial court at the time of the arraignment to advise the defendant, if he was not represented by counsel at that time, of his right to appointed counsel; however, absent a claim by defendant that he was not so informed, the Court of Appeals must presume that there was compliance with the court rule (Court Rule No 35A[1945]).

3. CRIMINAL LAW—RIGHT TO COUNSEL—MISCARRIAGE OF JUSTICE.

   There was no miscarriage of justice, although defendant was not informed of his right to appointed counsel as required by court rule, where the defendant had had counsel in another case, where that attorney accompanied defendant in court at the time of offering his plea to the charge in the instant case, and where, before the court imposed its sentence, defendant conferred with another attorney about mitigating circumstances which might affect the severity of the sentence and that attorney was with defendant at the sentencing (Court Rule No 35A[1945]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 222, 309–317.

Duty to advise accused as to right to assistance of counsel. 3 ALR2d 1003.

Constitutionally protected right of indigent accused to appointment of counsel in state court prosecution. 93 ALR2d 747.

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 August 25, 1970, at Detroit. (Docket No. 8,778.) Decided October 1, 1970.

Daniel Patrick Beal was convicted, on his plea of guilty, of breaking and entering in the nighttime. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Harold M. Ryan,* for defendant on appeal.

Before: LESINSKI, C. J., and V. J. BRENNAN and O'HARA,* JJ.

O'HARA, J. Leave to appeal having been granted, defendant processes this appeal and alleges that his constitutional rights were not protected when he entered a plea of guilty to a charge of breaking and entering.

On April 4, 1961, defendant pleaded guilty to the charge of breaking and entering in the nighttime contrary to MCLA § 750.110 (Stat Ann 1954 Rev § 28.305). On May 15, 1961, he was sentenced to serve 3 to 15 years imprisonment.

Defendant's specific basis for this appeal is an alleged denial of his constitutional rights under the Sixth Amendment. He contends that when he entered his plea he was informed of his right to counsel

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

but not of his right to *appointed* counsel in the event of his indigency.[1]

The transcript of the hearing reveals that, after the indictment was read to the defendant, the following occurred:

*"The Court:* How do you plead?
*"Defendant:* Guilty, sir.
*"The Court:* What is your full name?
*"Defendant:* Daniel Patrick Beal.
*"The Court:* What are you pleading guilty to?
*"Defendant:* B. and E. in the nighttime.
*"The Court:* Of what?
*"Defendant:* A hardware store.
*"The Court:* Where?
*"Defendant:* 20015 W. Eight Mile Road.
*"The Court:* Speak up.
*"Defendant:* 30015, I guess it is.
*"The Court:* Did you break into it?
*"Defendant:* Yes, sir.
*"The Court:* In the daytime or nighttime?
*"Defendant:* I am not sure. It was dark out.
*"The Court:* It was dark out?
*"Defendant:* Yes, sir.
*"The Court:* How did you get in?
*"Defendant:* Through a rear window.
*"The Court:* Did you go in?
*"Defendant:* Yes, sir.
*"The Court:* Did you break the window?
*"Defendant:* Yes, sir.
*"The Court:* Why did you go in?
*"Defendant:* To rob him.
*"The Court:* Has anyone threatened you in any way or promised you anything to cause you or force you to plead guilty?
*"Defendant:* No, sir.
*"The Court:* Was there any kind of inducement or promise of any kind been held out to you or

---

[1] It should be noted that defendant originally stood mute when he was arraigned on March 6, 1961.

made to you to cause you or force you to plead guilty?

"*Defendant:* No, sir.

"*The Court:* How old are you?

"*Defendant:* Twenty, sir.

"*The Court:* You understand you are entitled to a trial by a court or jury?

"*Defendant:* Yes, sir.

"*The Court: You understand that you are entitled to counsel if you desire?*

"*Defendant: Yes, sir.*

"*The Court: You understand what I mean by counsel?*

"*Defendant: Yes, sir.*

"*The Court: You are entitled to have an attorney. Do you understand that?*

"*Defendant: Yes, sir.*

"*The Court:* Knowing that, do you still wish to plead guilty?

"*Defendant:* Yes, sir.

"*The Court:* Is your plea free and voluntary?

"*Defendant:* Yes, sir.

"*The Court:* Do you understand what I mean by that?

"*Defendant:* Yes, sir.

"*The Court:* What do you know I mean?

"*Defendant:* That it is of my own free will. I am doing it of my own free will.

"*The Court:* Are you?

"*Defendant:* Yes, sir.

"*The Court:* Why are you pleading guilty?

"*Defendant:* Because I am guilty." (Emphasis added.)

Defendant was not informed of his right to appointed counsel as was required by former Court Rule 35A.[2]

---

[2] Court Rule No 35A (1945), 318 Mich xxxix, currently GCR 1963, 785.3(1).

"If the accused is not represented by counsel upon arraignment, before he is required to plead the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him."

Formerly, we need have gone no further. Technical noncompliance with the rule was held to be reversible error. *People* v. *Hunn* (1965), 1 Mich App 580; *People* v. *Richardson* (1966), 4 Mich App 586. However, since *People* v. *Stearns* (1968), 380 Mich 704, automatic reversal is not mandated. In *Stearns* the Court concluded that "the fundamental inquiry is whether there has been a miscarriage of justice." (380 Mich 713)

This Court has had opportunity to apply *Stearns*. In *People* v. *Burd, No. 2* (1968), 13 Mich App 592 and *People* v. *Everson* (1969), 16 Mich App 739, we concluded that the scales weighed against the respective defendants. In *People* v. *Faulman* (1970), 23 Mich App 635, we concluded that the scales weighed in favor of defendant. We turn now to the scales upon which the facts presently before us rest.

It is important here to note, first, that defendant's appearance for the purpose of pleading guilty was not his first court appearance on this offense. He had been arraigned about a month earlier on the same charge. He was not represented by counsel at that time. Rule 35A specifically instructs the trial court in such a situation to inform the defendant of his right to appointed counsel. There is no claim that defendant was not so informed. Absent such a declaration, we are faced with a presumption of regularity. *People* v. *Auerbach* (1913), 176 Mich 23; *People* v. *Carson* (1969), 19 Mich App 1.

Second, although defendant was 20 years of age, this was his second criminal offense. The record demonstrates that at the time the instant plea was being made, defendant had been at least arraigned, if not tried, on an uttering and publishing charge. Defendant was represented by counsel in that case.

Third, at the plea of this offense, defendant was accompanied by the attorney who was representing him on the uttering and publishing charge.

Fourth, between the taking of the plea and the sentencing, defendant spoke with a second attorney about mitigating circumstances which might reduce the sentence in the instant case. This attorney was with defendant at the sentencing in this matter.

Weighing all of the relevant facts, we conclude that no miscarriage of justice occurred.

Affirmed.

All concurred.