### PEOPLE *v.* TOTTY.

### SAME *v.* COOPER.

#### Opinion of the Court.

1. Criminal Law—Court Rules—Acceptance of Plea of Guilty.
   The court rule dealing with the acceptance of pleas of guilty in a criminal case requires that the court ascertain more about the plea than that the defendant agrees that it is expedient so to plead (GCR 1963, 785.3[2]).

2. Same—Court Rules—Mandatory Procedure—Pleas of Guilty.
   The court rule dealing with the acceptance of pleas of guilty in a criminal case is designed to require reasonable ascertainment of the truth of the plea (GCR 1963, 785.3[2]).

----

References for Points in Headnotes

[1]   21 Am Jur 2d, Criminal Law § 492.
[2]   21 Am Jur 2d, Criminal Law §§ 486, 492.
[3]   21 Am Jur 2d, Criminal Law §§ 325–327.
[4]   21 Am Jur 2d, Criminal Law §§ 492, 503–505.
[5]   21 Am Jur 2d, Criminal Law §§ 325–327, 487, 489, 492.
[7]   21 Am Jur 2d, Criminal Law §§ 325–327, 486, 487, 489, 503–505.
[8]   21 Am Jur 2d, Criminal Law § 488.
[9, 10]  21 Am Jur 2d, Criminal Law §§ 486, 488.
[11, 12]  21 Am Jur 2d, Criminal Law §§ 325–327, 486–488, 503–505.

**3. SAME—COURT RULES—WAIVER OF READING INFORMATION—NATURE OF ACCUSATION.**

A waiver of the reading of the information in a criminal case neither supplies the deficiency nor cures the error of failing to comply with the court rule requiring the court to inform an accused of the nature of the accusation against him (GCR 1963, 785.3[2]).

**4. SAME—COURT RULE—ABUSE OF DISCRETION—WITHDRAWAL OF PLEA OF GUILTY—NEW TRIAL.**

It is an abuse of discretion to deny a defendant's motion to withdraw a plea of guilty or grant a new trial when the court has failed to comply with the mandatory requirements of the court rule relating to the acceptance of plea of guilty (GCR 1963, 785.3[2]).

**5. SAME—DEFENDANT'S PRESENCE IN COURT DURING OTHER ARRAIGNMENTS—ACCEPTANCE OF PLEA OF GUILTY—COURT RULE.**

Presence of a particular defendant charged with crime in court during arraignments and pleas of other defendants charged with crimes, where he may hear the judge comply with court rule on acceptance of pleas of guilty and inform others of their constitutional rights, does not comply with court rule that particular defendant be informed of his constitutional rights in his own case (GCR 1963, 785.3).

**6. SAME—ACCEPTANCE OF PLEA OF GUILTY—COURT RULES.**

Presence of defendant charged with robbery armed in court during extended interrogation of codefendant pleading guilty to same crime *held*, not to dispense with requirement that defendant be questioned before acceptance of his plea of guilty to determine that his plea was freely, understandingly, and voluntarily made (CLS 1961, § 750.529; GCR 1963, 785.3[2]).

**7. SAME—COURT RULES—ARRAIGNMENT AND SENTENCE—ABUSE OF DISCRETION.**

Trial court's denial of motions to withdraw pleas of guilty and for a new trial, made by defendants convicted on pleas of guilty of armed robbery, *held*, reversible error, where the trial court failed to inform both defendants of the nature of the accusation or the consequences of their pleas, and also failed to examine the second defendant to determine that his plea was freely, understandingly, and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency, since the court rule requires that its procedure be followed in every individual prosecution (CLS 1961, § 750.529; GCR 1963, 785.3[2]).

DISSENTING OPINION.

BURNS, J.

8. CRIMINAL LAW—COURT RULES—PLEA OF GUILTY—REPRESENTATION BY COUNSEL.

*The court rule relating to the acceptance of plea of guilty in a criminal case requires that the trial judge inform the accused concerning his right to trial by jury and to have counsel, the nature of the accusation against him, and the consequence of his plea only where an accused is not represented by counsel (GCR 1963, 785.3[2]).*

9. SAME—COURT RULE—PLEA OF GUILTY—REPRESENTATION BY COUNSEL.

*The only duty imposed upon the trial court when a criminal defendant pleading guilty is represented by counsel is to examine the defendant to determine if his plea is freely, understandingly, and voluntarily made (GCR 1963, 785.3[2]).*

10. SAME—COURT RULE—PLEA OF GUILTY—REPRESENTATION BY COUNSEL.

*The phraseology of the court rule relating to an acceptance of a plea of guilty in a criminal case indicates the intention of the Supreme Court to leave the traditional function of advising an accused with his counsel, who, as an officer of the court, should be held to impart his knowledge of the law to his client (CLS 1961, § 600.901; GCR 1963, 785.3[2]).*

11. SAME—COURT RULE—REPRESENTATION BY COUNSEL—VOLUNTARINESS OF GUILTY PLEA.

*Refusal of the trial court to grant motion made by one defendant, charged with armed robbery, to withdraw his plea of guilty and for a new trial, for failure of the trial court to advise him of the nature of the accusation against him and the possible consequence of his plea, was not an abuse of discretion where he was represented by counsel, since the court rule requires such advice only where an accused is not represented by counsel (CLS 1961, § 750.529; GCR 1963, 785.3[2]).*

12. SAME—COURT RULE—VOLUNTARINESS OF GUILTY PLEA.

*Failure of the trial court to grant motion of one defendant, convicted of robbery armed, to withdraw his guilty plea and for a new trial was an abuse of discretion where the trial court, upon acceptance of his plea of guilty, failed to examine the defendant to determine if the plea was freely, understandingly, and voluntarily made, since the court rule requires such inquiry in every individual prosecution, whether or not a criminal de-*

*fendant is represented by counsel (CLS 1961, § 750.529; GCR 1963, 785.3[2]).*

Appeal from Kent; Vander Wal (John H.), J. Submitted Division 3 November 10, 1966, at Grand Rapids. (Docket No. 2,073.) Decided March 29, 1968.

Ronald Gene Totty and Carl W. Cooper were convicted, on pleas of guilty, of armed robbery. Motions for leave to withdraw plea of guilty and for a new trial were denied. Both defendants appeal. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Leo Stevens,* Assistant Prosecuting Attorney, for the people.

*George L. McCargar, Jr.,* for defendants.

NEWBLATT, J. Defendants pleaded guilty to robbery armed;[1] the pleas were accepted and defendants were both sentenced. The robbery is charged as having taken place on March 19, 1965. At the time of the arraignments, the reading of the information was waived. Both defendants were represented by counsel who in response to questions by the arraigning judge indicated that they had advised their respective clients of their rights. The judge also asked each defendant whether he was present at the magistrate's preliminary examination and both defendants acknowledged they had been present and they had heard the testimony.

As to defendant Totty, the judge failed to inform him of the nature of the accusation.

_____

[1] CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797).

As to defendant Cooper, the judge failed to inform him of the nature of the accusation, and unlike his procedure with defendant Totty, the judge also failed to examine defendant Cooper to ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency.

Certain principles of law are now so well established by the decisions of this Court, as well as of the Supreme Court, that extended discussion would be neither instructive nor beneficial to bench and bar.

GCR 1963, 785.3(2), dealing with acceptance of pleas of guilty, requires that the court ascertain more about the plea than that the defendant agrees that it is expedient so to plead. "The rule is designed to require reasonable ascertainment of the truth of the plea." *People* v. *Barrows* (1959), 358 Mich 267, 272. A waiver of the reading of the information neither supplies the deficiency nor cures the error of failing to inform the accused of the nature of the accusation. *People* v. *Johnson* (1966), 2 Mich App 182. The requirements of GCR 1963, 785.3 must be observed. *People* v. *Demers* (1966), 2 Mich App 238. It is an abuse of the judge's discretion to deny a motion to withdraw a plea of guilty and to deny a new trial if the mandatory requirements of the rule were not observed. *People* v. *Wilkins*, 3 Mich App 56.

Plaintiff claims that the interrogation called for by the rule with reference to defendant Cooper was not necessary in view of Cooper's presence in court during the extended interrogation of Totty. Plaintiff claims that if Cooper's "plea was the product of any threat or promise, he certainly had the opportunity to make the court aware of this". This Court has held that presence of defendant in court and his hearing other unrelated arraignments and pleas, and

hearing the judge comply with the rule as to other defendants and inform them of their constitutional rights does not satisfy the requirements of the rule. "The court rule states 'in every prosecution,' and the defendant was not required to listen to the arraignment of another defendant *in an unrelated case*[2] to be informed of his constitutional rights. It was the duty of the trial judge to inform him in his individual case of his right to court-appointed counsel if he could not afford to retain his own attorney." *People* v. *Richardson* (1966), 4 Mich App 586, 588.

The mandatory requirements of the rule not having been complied with, the cause is reversed and remanded for new trial as to both appellants.

MCGREGOR, P. J., concurred with NEWBLATT, J.

BURNS, J. (*dissenting in part*). I must dissent. GCR 1963, 785.3 states:

"Arraignment and Sentencing. In every prosecution wherein the accused is charged with a felony, the trial court shall conform to the following practice:

"(1) Arraignment. *If the accused is not represented by counsel upon arraignment,* before he is required to plead, the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him. If the accused states he will procure counsel or requests that counsel be appointed, a reasonable time thereafter shall be allowed for counsel to consult with the accused before his plea shall be taken.

---

[2] The italicized language in the above quotation is not deemed necessary to the statement made in that case, nor does it imply that in a related case, a defendant would be required to listen.

"(2) Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and *regardless of whether he is represented by counsel,* the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted." (Emphasis supplied.)

The rule states the procedure the trial court must follow when the accused *is not* represented by counsel. It requires the judge to tell the accused that he is entitled to a trial by jury and to have counsel. It also mandates the court to inform the accused of the nature of the accusation and the consequence of his plea. All of these duties follow the phrase, "not represented by counsel," and precede the phrase, "regardless of whether he is represented by counsel." The only duty imposed upon the court when the accused *is* represented by counsel is to examine the defendant to ascertain if his plea is freely, understandingly and voluntarily made.

The phraseology of this rule reflects the intention of the Supreme Court to leave the traditional function of advising an accused with his counsel, who, as an officer of the court,* should be held to impart his knowledge of the law to his client.

Both of the defendants in the present case were represented by counsel at the arraignment. Under the above interpretation the circuit judge complied with the rule when arraigning the defendant Totty but failed to comply with the rule when arraigning

---

* CLS 1961, § 600.901 (Stat Ann 1962 Rev § 27A.901).

the defendant Cooper. Therefore, as to defendant Totty, I would affirm the trial court, but as to the defendant Cooper, I would reverse the cause and remand for a new trial.